NO. 07-00-0094-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 31, 2000

______________________________

NORMAN LAMPKINS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 50
TH
 DISTRICT COURT OF COTTLE COUNTY;

NO. 2753; HONORABLE DAVID HAJEK, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

On January 18, 2000, after his plea of guilty, appellant Norman Lampkins was found guilty of the offense of possession of a controlled substance (cocaine) over four grams but under 200 grams with intent to deliver.  A timely notice of appeal was filed.

The State has now filed a motion to dismiss the appeal on the basis that appellant pled guilty to the charged offense and the court accepted the plea bargain agreement between the State and appellant and followed the recommendation of a sentence of 40 years confinement in the Institutional Division of the Texas Department of Criminal Justice.  As part of the plea bargain agreement, appellant and his attorney executed a written waiver of the right of appeal.  The State alleges it has complied with all the terms of the plea bargain agreement and appellant has failed to do so by the filing of his notice of appeal.

In his response to the State’s motion, appellant asserts pro se
(footnote: 1) that “his plea bargain agreement was made involuntarily and unintelligently because he did not understand the consequences of this plea which was induced by his attorney’s (Andrew Ottaway) erroneous and misleading information.”  He claims that there is evidence of this fact by virtue of a letter he wrote to the court dated December 26, 1999, in which he requested to dismiss his attorney.  He also claims that his unawareness of the consequences of his plea is evidenced when the court asked him if he understood the waiver of the right to confront and cross-examine witnesses, and he responded that he did not.  Additionally, he alleges that there is sufficient evidence to doubt his competency to stand trial.  

A defendant who has been convicted upon a guilty plea in which the punishment assessed does not exceed that recommended by the prosecutor and agreed to by defendant, except as to those matters which have been raised by written motion filed prior to trial, must have permission of the court.  Tex. Code Crim. Proc. Ann. art. 44.02 (Vernon 1979).  No permission to appeal from the trial court appears in the record before us. 

 The State further cites to us the recent case of 
Blanco v. State, 
18 S.W.3d 218 (Tex.Crim.App. 2000), in which an appellant sought to renege and appeal a plea bargain agreement between him and the prosecution, in which he promised not to appeal in return for the prosecution’s promise to recommend a certain sentence to the court.  Appellant in that case argued that article 1.14 of the Texas Code of Criminal Procedure, which permits the waiver of a defendant’s rights, did not apply.  The court stated:

It is well settled that a defendant is entitled to insist on the benefit of his bargain.  Where, as in this case, there has been no unfairness “in securing agreement between an accused and a prosecutor,” there is no reason why this rule should not apply to defendants.  Appellant was “fully aware of the likely consequences” when he waived his right to appeal and it is “not unfair to expect him to live with those consequences now.” 

Blanco v. State, 
18 S.W.3d at 220.  

Appellant argues herein that there was an unfairness in securing his agreement.  He says that his failure to understand his plea agreement was in part the result of his appointed trial counsel, whom he complained about in a letter to the court.  During the same proceeding in which appellant pled guilty, the court specifically questioned appellant as follows:

THE COURT:  Mr. Lampkins, let me touch upon one thing wherein you expressed some concern concerning Mr. Ottaway being your counsel, your lawyer, and I know I’ve observed y’all working and talking together for some period of time now.  Are you now of the opinion that he will represent you and that you are satisfied with that?

THE DEFENDANT:  Yes.

THE COURT:  These allegations that you made in your letter are now 

going to be withdrawn by you basically?

THE DEFENDANT:  Yes.

THE COURT:  You are satisfied with the representation that he’s given you in this case?

THE DEFENDANT:  Yes.  

This testimony indicates that appellant’s complaints about his counsel as addressed in his letter to the court were retracted and that letter now provides nothing for this court to consider. 

Appellant further contends that he was coerced out of fear by his attorney’s suggestion that if he did not take the 40-year plea bargain he and his girlfriend, Betty Polk, would receive 99 years to life imprisonment.  Prior to his plea, the court admonished appellant that the range of punishment was not less than 15 years or more than 99 years. The court specifically verified with the prosecutor in open court that a life sentence was not part of the range of punishment.  Appellant then stated in open court that he understood the range of punishment.  

After that, the prosecutor stated that the plea bargain entailed appellant pleading guilty and agreeing neither to appeal nor to oppose certain forfeiture proceedings, and in return, the State would recommend a 40-year sentence and dismiss three other cause numbers against appellant. No mention was made by the prosecutor of appellant’s girlfriend or any charges pending against her.  Appellant affirmed to the court that his understanding of the plea bargain was the same.  At the end of that hearing, appellant asked the court if the cases had been dismissed against Betty Polk.  In response, the court questioned appellant again as to whether he was satisfied with his legal representation and he responded that he was.   

In reply to further questioning by the court, appellant stated that he could read and write, was able to go over the papers with his attorney, and felt like he understood their meaning.  When appellant stated that he had not understood the document whereby he waived his right to be confronted by witnesses, the court explained:

THE COURT:  What your attorney stated is rather than the State having to call witnesses against you here in open court, you have the right to confront them and cross-examine them through your attorney Mr. Ottaway.  You agree to stipulate.  That means that you agree to just have an agreement as to what your testimony would have been had they been here.  Basically that would have been sufficient to convict you.  Do you understand that?

THE DEFENDANT:  Yes.

There is nothing in the record to indicate that appellant’s rights and the plea bargain agreement were not fully explained to him or that he was incompetent to understand them or the effect of the waiver of his rights.  Further, appellant does not indicate to us how his understanding of his rights differs from what was stated by the court or the documents he signed.  Because appellant has filed this appeal when he waived his right to do so and has not received permission from the trial court, we must and hereby do dismiss the appeal.

John T. Boyd

 Chief Justice

Do not publish.

FOOTNOTES
1:
Appellant’s appointed counsel has filed a motion to withdraw, together with an 
Anders
 brief.  
See Anders v. California
, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).