Ford v. SOT



NUMBER 13-00-194-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


BOBBY RAY FORD, Appellant,


v.


THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 24th District Court of Victoria County, Texas.

____________________________________________________________________

MEMORANDUM OPINION

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Hinojosa


This is an appeal from a guilty plea made pursuant to a plea bargain agreement. As this is a memorandum opinion not
designated for publication and the parties are familiar with the facts, we will not recite them here. See Tex. R. App. P.
47.1. 

Appellant's counsel has filed a brief in which he concludes that this appeal is wholly frivolous and without merit. The brief
meets the requirements of Anders v. California, 386 U.S. 738 (1967), as it presents a professional evaluation of why there
are no arguable grounds for advancing an appeal. See Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991). In the
brief, appellant's counsel states that he informed appellant of his right to examine the appellate record and to file a pro se
brief.

Appellant has filed a pro se brief. See Anders, 386 U.S. at 744. In his brief, appellant contends that: (1) his plea of guilty
was involuntarily made because it was the result of ineffective assistance of counsel, and (2) "the issuing magistrate abused
his discretion by failing to release appellant from an unlawful continued detention" when appellant was arrested without an
arrest warrant. 

Before we reach the merits of this case, we must determine whether this Court has jurisdiction to consider this appeal. 
Because appellant appeals from a judgment rendered on a guilty plea made pursuant to a plea bargain agreement, and the
punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, we
must consider the threshold issue of whether appellant's notice of appeal is sufficient to confer jurisdiction on this Court.

The record shows that appellant filed only a general notice of appeal. Because appellant's notice of appeal does not specify
that the appeal is for jurisdictional defects, from a ruling on a pre-trial motion, or that the trial court granted appellant
permission to appeal, it does not comply with the specific notice requirements of Texas Rule of Appellate Procedure
25.2(b)(3). See Tex. R. App. P. 25.2(b)(3).

The Texas Court of Criminal Appeals has recently held that when an appellant fails to comply with the extra-notice
requirements of rule 25.2(b), the court of appeals lacks jurisdiction to consider the appeal, even for voluntariness issues. 
See Cooper v. State, No. 1100-99, slip. op. at 12, 2001 Tex. App. LEXIS 25, at *16 (Tex. Crim. App. April 4, 2001)
(holding that rule 25.2(b) does not permit the voluntariness of a plea to be raised on appeal, unless the trial court has
granted permission for an appeal). (1) Accordingly, we conclude that this Court does not have jurisdiction to address
appellant's claims of ineffective assistance of counsel, despite appellant's contention that his guilty plea was involuntarily
made.

Upon receiving a "frivolous appeal" brief, appellate courts must conduct "a full examination of all the proceeding[s] to
decide whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988). We have carefully reviewed the
appellate record, counsel's brief, and appellant's pro se brief; find nothing in the record that might arguably support the
appeal; and agree with appellant's counsel that the appeal is wholly frivolous and without merit. See Stafford, 813 S.W.2d
at 511.

We dismiss this appeal for want of jurisdiction.

In accordance with Anders, appellant's attorney has asked permission to withdraw as counsel for appellant. See Anders,
386 U.S. at 744. We grant the attorney's motion to withdraw. We order appellant's attorney to notify appellant of the
disposition of this appeal and of the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997).



FEDERICO G. HINOJOSA

Justice



Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this 

the 28th day of June, 2001.

1. We note that appellant waived his right to appeal as part of his plea bargain agreement, see Blanco v. State, 18 S.W.3d
218, 220 (Tex. Crim. App. 2000), and the record contains no evidence that the trial court granted appellant permission to
appeal.