In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-201 CR


____________________



TERRY LYNN SIRMANS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause No. 15,575






MEMORANDUM OPINION


 Terry Lynn Sirmans appeals his conviction on one count of aggravated sexual
assault on a child and one count of sexual assault on a child. After a jury returned a guilty
verdict, Sirmans filed a notice of appeal, but subsequently entered into a plea bargain
agreement with the State. Pursuant to that agreement, Sirmans received concurrent
twenty-five and ten year terms of confinement in the Texas Department of Criminal
Justice, Institutional Division, and executed a written waiver of his right to appeal that was
approved by defense counsel, the prosecutor, and the trial court. Months later, Sirmans
requested and received new counsel to prosecute his appeal. 

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On May 9, 2002, Sirmans was
given an extension of time in which to file a pro se brief. Sirmans did not file a pro se
brief, but did file an objection to the Anders brief. We now address the issues raised by
the appellant on his own behalf. Because the appeal involves the application of well-settled
principles of law, we deliver this memorandum opinion. See Tex. R. App. P. 47.1.

 Sirmans complains that appellate counsel did not consult him regarding his
awareness of the consequences of waiving his right to appeal, and suggests that he desired
to raise a claim of ineffective assistance of counsel at trial. Naturally, the extent and
content of the communication between Sirmans and appellate counsel before the Anders
brief was prepared is not reflected in the appellate record. Sirmans concedes that he
waived his right to appeal, and no evidence in the record controverts Sirmans's in-court
assertion of voluntariness. That waiver is effective, and precludes the exercise of our
jurisdiction to review this case. Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim.
App.2000). 


 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991).

 

 APPEAL DISMISSED. 

 PER CURIAM


Submitted on October 18, 2002

Opinion Delivered October 23, 2002 

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.