In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00026-CR
______________________________


JUAN ANTONIO SANCHEZ, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 263rd Judicial District Court
Harris County, Texas
Trial Court No. 1004427


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Juan Antonio Sanchez was convicted in the 263rd Judicial District Court of Harris County,
Texas, of the offense of indecency with a child. Pursuant to a negotiated plea agreement, which was
followed by the court, Sanchez pled guilty to a second-degree felony. Sanchez was sentenced to
eight years' imprisonment, as provided by the negotiated plea agreement. He was represented by
appointed counsel. 
            Sanchez filed a notice of appeal pro se which states that the "punishment assessed does in
fact exceed that recommended by the prosecutor" and that he was "ineffectively represented by his
[c]ourt appointed attorney." The notice of appeal does not allege that the appeal concerns only
matters which were raised by a written motion that was filed and ruled on before trial. Further, the
record contains no pretrial motion from which Sanchez could appeal. In addition, the trial court
certified that Sanchez has no right to appeal. See Tex. R. App. P. 25.2(d). 
            There is nothing in this record to show that the trial court granted permission to appeal, and
the judgment itself contains a stamped notation that reads, "Appeal waived. No permission to appeal
granted." This notation is explicitly supported by the negotiated plea agreement itself, in which
Sanchez signed a statement that, if the plea bargain was kept, he agreed to waive his right of appeal. 
That negotiated plea agreement, which incorporates the waiver, is signed by Sanchez, his attorney,
the district clerk, the assistant district attorney, and the presiding judge. A criminal defendant may
waive many rights, including the right to appeal a conviction. Blanco v. State, 18 S.W.3d 218,
219–20 (Tex. Crim. App. 2000). That waiver is binding on the defendant and prevents the appeal
of any issue in the case without the consent of the court. Id. Sanchez agreed, with the concurrence
of counsel, to plead guilty and to waive his right to appeal. We will hold him to his agreement. See
id. 
            Sanchez alleges the sentence assessed exceeds the negotiated plea agreement. The record
reflects he was sentenced in accordance with the negotiated plea agreement. Sanchez agreed to a
sentence of eight years and was sentenced to eight years' imprisonment. A negotiated plea agreement
by its nature incorporates a voluntary and understanding plea of guilty, and thus its process can only
be triggered when the negotiated plea agreement and guilty plea are voluntarily and understandably
made. However, the Texas Court of Criminal Appeals has held that an involuntary plea may be
raised by a motion for new trial and habeas corpus, but not on direct appeal. Cooper v. State, 45
S.W.3d 77, 81 (Tex. Crim. App. 2001).  
            Because the appeal does not concern pretrial rulings, Sanchez waived his right to appeal, and
the trial court did not grant permission to appeal, Sanchez has no right to appeal. We dismiss the
appeal.
 
                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          January 24, 2005
Date Decided:             January 25, 2005

Do Not Publish



>
            Because the error that we have found to exist relates solely to punishment, which was
assessed by the trial court, we reverse the judgment of the trial court as to the punishment and
remand this cause to the trial court to reassess appellant's punishment pursuant to Section 12.34 of
the Texas Penal Code, which provides for the range of punishment that may be assessed for an
individual found guilty of a third-degree felony. See Tex. Pen. Code Ann. § 12.34.  
            We affirm the judgment as to all other matters.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          March 12, 2004
Date Decided:             March 18, 2004

Do Not Publish