In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00025-CR
______________________________


JUAN ANTONIO SANCHEZ, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 263rd Judicial District Court
Harris County, Texas
Trial Court No. 1004426


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Juan Antonio Sanchez was convicted in the 263rd Judicial District Court of Harris
County, Texas, of the offense of aggravated sexual assault of a child. Pursuant to a plea
agreement which was followed by the court, Sanchez pled guilty to a first degree felony. 
Sanchez was sentenced to eight years' imprisonment, as provided by the plea agreement. 
He was represented by appointed counsel. 
Â Â Â Â Â Â Â Â Â Â Sanchez filed a notice of appeal pro se which states that the "punishment assessed
does in fact exceed that recommended by the prosecutor" and that he was "ineffectively
represented by his Court appointed attorney." The notice of appeal does not allege that
the appeal concerns only matters which were raised by a written motion that was filed and
ruled on before trial. Further, the record contains no pretrial motion from which Sanchez
could appeal. In addition, the trial court certified that Sanchez has no right to appeal. See
Tex. R. App. P. 25.2(d). 
Â Â Â Â Â Â Â Â Â Â There is nothing in this record to show that the trial court granted permission to
appeal, and the judgment itself contains a stamped notation that reads, "Appeal waived. 
No permission to appeal granted." This notation is explicitly supported by the plea
agreement itself, in which Sanchez signed a statement that, if the plea agreement was
kept, he agreed to waive his right of appeal. That plea agreement, which incorporates the
waiver, is signed by Sanchez, his attorney, the district clerk, the assistant district attorney,
and the presiding judge. A criminal defendant may waive many rights, including the right
to appeal a conviction. Blanco v. State, 18 S.W.3d 218, 219â20 (Tex. Crim. App. 2000). 
That waiver is binding on the defendant and prevents such defendant from appealing any
issue in the case without the consent of the court. Id. Sanchez agreed, with the
concurrence of counsel, to plead guilty and to waive his right to appeal. We will hold him
to his agreement. See id. 
Â Â Â Â Â Â Â Â Â Â Sanchez alleges the sentence assessed exceeds the plea agreement. The record
reflects he was sentenced in accordance with the plea agreement. Sanchez agreed to a
sentence of eight years and was sentenced to eight years' imprisonment. A plea
agreement by its nature incorporates a voluntary and understanding plea of guilty, and thus
its process can only be triggered when the plea agreement and guilty plea are voluntarily
and understandably made. However, the Texas Court of Criminal Appeals has held that
an involuntary plea may be raised by a motion for new trial and habeas corpus, but not on
direct appeal. Cooper v. State, 45 S.W.3d 77, 81 (Tex. Crim. App. 2001). 
Â Â Â Â Â Â Â Â Â Â Because the appeal does not concern pretrial rulings and the trial court did not grant
permission to appeal, Sanchez has no right to appeal. We dismiss the appeal. 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â January 24, 2005
Date Decided:Â Â Â Â Â Â Â Â Â January 25, 2005

Do Not Publish



le as the sole judge of the
weight and credibility of witness testimony." Jones, 944 S.W.2d at 648.

Sufficiency of the Evidence for Identity

 Carter contends there is insufficient evidence to support a finding he was the person
who committed the crime. Carter contends the inadequate police investigation, coupled
with the fact he was not arrested at the scene, and no narcotics were found on him when
arrested, indicates reasonable doubt he was the driver of the automobile. He argues
Meraia could not have reliably identified him in the brief time available. Further, Carter
contends fingerprints on the narcotics containers was the only direct evidence that could
have possibly linked him to the crime. Carter argues that the unknown witnesses at the
scene identified the driver as "Little J." Because Edwards testified Carter is not "Little J,"
Carter contends the evidence is insufficient to support the finding he was the driver of the
Corolla. Carter also contends that, because Campbell's description of the clothing Carter
was wearing the morning before the incident, and was still wearing that evening, was
different from the description given by Meraia, it establishes Carter was not the driver of
the Corolla.

 The State was required to prove Carter was the perpetrator of the crime. Giesberg
v. State, 984 S.W.2d 245, 250 (Tex. Crim. App. 1998). While it may have been desirable
to fingerprint the evidence, the State can prove identity through other means. Meraia
unequivocally identified Carter at trial as the driver of the Corolla. The testimony of a single
eyewitness can be sufficient to support a conviction. Aguilar v. State, 468 S.W.2d 75, 77
(Tex. Crim. App. 1971); Pitte v. State, 102 S.W.3d 786, 794 (Tex. App.-Texarkana 2003,
no pet.). The witnesses who identified the driver as "Little J" did not testify at trial, and we
cannot say the great weight and preponderance of the evidence indicates the driver was
actually "Little J." Further, the credibility of the witnesses is within the province of the jury. 
Jones, 944 S.W.2d at 648. The jury was entitled to disbelieve Campbell and Edwards if
it chose to do so. Taken in the light most favorable to the jury, legally sufficient evidence
exists to support the verdict. Viewing the evidence neutrally, we cannot say the evidence
indicates Carter was not the driver by the great weight and preponderance of the evidence
or that the evidence is so weak as to be clearly wrong or manifestly unjust.

Sufficiency of the Evidence for Possession with Intent to Deliver

 Carter contends insufficient evidence exists to support a finding he possessed the
contraband. Carter submits the evidence does not show that he was the driver or that he
possessed the contraband. The State was required to prove that Carter exercised care,
custody, control, or management over the contraband and that he knew the matter he
possessed was contraband. McGoldrick v. State, 682 S.W.2d 573, 578 (Tex. Crim. App.
1985).

 When the contraband is not found on the accused's person or it is not in the
accused's exclusive possession, additional facts must affirmatively link the accused to the
contraband. Jones v. State, 963 S.W.2d 826, 830 (Tex. App.-Texarkana 1998, pet. ref'd). 
To show possession, the State can use direct or circumstantial evidence. Id. This Court
has held that the following factors should be considered when evaluating whether an
affirmative link exists:

 1) the defendant's presence when the search was executed; 2) whether the
contraband was in plain view; 3) the defendant's proximity to and the
accessibility of the contraband; 4) whether the defendant was under the
influence of a controlled substance when arrested; 5) whether the defendant
possessed other contraband when arrested; 6) whether the defendant made
incriminating statements when arrested; 7) whether the defendant attempted
to flee; 8) whether the defendant made furtive gestures; 9) whether there
was an odor of the contraband; 10) whether other contraband or drug
paraphernalia was present; 11) whether defendant owned or had the right to
possess the place where the drugs were found; and 12) whether the place
the drugs were found was enclosed. 


Id.; see Chavez v. State, 769 S.W.2d 284, 288-89 (Tex. App.-Houston [1st Dist.] 1989,
pet. ref'd). 

 There is sufficient evidence that affirmatively links the driver to possession of the
substances. The driver was the sole occupant of the car. The cocaine and codeine were
in plain view of the driver and easily accessible to him. Further, the driver fled from the
police. English and Sutton both testified the amount of the cocaine exceeded any amount
a person would have for personal use. Legally and factually sufficient evidence exists to
support a finding the driver possessed the controlled substances. Since, as discussed
above, sufficient evidence exists to support the jury's finding that Carter was the driver,
sufficient evidence exists to support the jury's finding that Carter possessed the
substances.

Effective Assistance of Counsel

 Carter contends he was denied effective assistance of counsel. He argues that
evidence exists that could have exonerated him. Carter's attorney at trial allegedly failed
to investigate whether another man the police had in custody committed the crime. 
Further, Carter asserts that failure to object to hearsay, combined with other errors,
resulted in ineffective assistance of counsel.

 Both the Sixth Amendment and the Texas Constitution confer a right to effective
representation by counsel. U.S. Const. amend. VI; Tex. Const. art. I, § 10. If counsel's
performance is ineffective, the conviction cannot stand. The Texas Court of Criminal
Appeals has held that the Texas Constitution does not impose a higher standard than the
Sixth Amendment. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994);
Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). The Sixth Amendment
standard, established by Strickland, requires a defendant alleging ineffective assistance
of counsel to show that his counsel's performance at trial was deficient and that counsel's
deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668
(1984); see also Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). 

 To satisfy the deficiency prong of the test, Carter must prove, by a preponderance
of the evidence, that his counsel's representation fell below the objective standard of
professional norms. Bone, 77 S.W.3d at 833. There is a strong presumption that
counsel's performance was adequate. Id. An appellate court should not "conclude the
challenged conduct constituted deficient performance unless the conduct was so
outrageous that no competent attorney would have engaged in it." Garcia v. State, 57
S.W.3d 436, 440 (Tex. Crim. App. 2001). 

 Carter alleges in his affidavit supporting his motion for new trial that counsel failed
to investigate whether another man the police had in custody committed the crime. 
Ineffective assistance of counsel claims "must be firmly founded in the record." Thompson
v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Affidavits attached to a motion for
new trial are not evidence unless introduced as evidence at the hearing. Stephenson v.
State, 494 S.W.2d 900, 909-10 (Tex. Crim. App. 1973); Martins v. State, 52 S.W.3d 459,
468 (Tex. App.-Corpus Christi 2001, no pet.). The record does not indicate Carter
requested a hearing on his motion, and Carter does not argue that failure to grant a
hearing was reversible error. "If counsel's reasons for his conduct do not appear in the
record and there is at least the possibility that the conduct could have been legitimate trial
strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance
claim on direct appeal." Ortiz v. State, 93 S.W.3d 79, 88-89 (Tex. Crim. App. 2002)
(counsel's failure to object to state's challenges for cause not ineffective assistance). 
Because the record does not contain evidence that establishes counsel failed to
investigate, (1) Carter does not overcome the presumption that counsel's actions were
adequate.

 Carter also argues that trial counsel's failure to object to hearsay, combined with
other errors, resulted in ineffective assistance of counsel. The constitutional right to
counsel does not mean errorless counsel. See Ex parte Welborn, 785 S.W.2d 391, 393
(Tex. Crim. App. 1990). An ineffective assistance of counsel claim cannot be based on a
difference of opinion concerning strategy. "[T]he defendant must prove, by a
preponderance of the evidence, that there is, in fact, no plausible professional reason for
a specific act or omission." Bone, 77 S.W.3d at 836. Failing to object to every instance
of improper evidence does not necessarily constitute ineffective assistance of counsel. 
Hutchinson v. State, 663 S.W.2d 610, 612 (Tex. App.-Houston [1st Dist.] 1983, pet. ref'd). 
Plausible professional reasons exist for not objecting to hearsay. Further, ineffective
assistance of counsel claims must be based on the totality of the circumstances. Welborn,
785 S.W.2d at 393. Based on the totality of the circumstances, Carter has not overcome
the presumption that counsel's actions were adequate.

Summary and Conclusion

 The evidence was legally and factually sufficient to establish Carter's identity as the
perpetrator of the crime and to prove he had possession of the controlled substance. 
Further, the record fails to show Carter was denied effective assistance of counsel.

 We affirm the judgment.



 Donald R. Ross

 Justice


Date Submitted: May 14, 2003

Date Decided: September 29, 2003


Do Not Publish





1. Direct appeal is a poor vehicle to bring an ineffective assistance of counsel claim. 
Direct appeals often present a limited record for review of the typical issues raised in an
ineffective assistance point. One way to get evidence of counsel's trial strategy or other
matters in the direct appeal record is through a hearing on a motion for new trial. Another
way to develop a proper record is through a hearing in a habeas corpus collateral attack. 
See generally Tex. Code Crim. Proc. Ann. art. 11.01, et seq. (Vernon 1977 & Supp. 2003).