Albert Rodriguez **BLANCO**, Appellant,

v.

The **STATE** of Texas.

No. 1404–99.

Court of Criminal Appeals of Texas, En Banc.

May 3, 2000.

Tim W. Avery, McKinney, for appellant.

Angela Ivory, Asst. Dist. Atty., McKinney, Matthew Paul, State's Atty., Austin, for State.

## *O P I N I O N*

McCORMICK, P.J., delivered the opinion of the Court, in which MANSFIELD, KELLER, PRICE, WOMACK and KEASLER, JJ., joined.

After a jury convicted appellant of burglary, the prosecution and appellant made an agreement in which appellant promised not to appeal his conviction in exchange for the prosecution's promise to recommend to the trial court that it assess a sixteen-year sentence. The prosecution kept its end of the bargain, and the trial court followed the prosecution's sixteen-year sentence recommendation. Appellant, however, reneged on the deal when he appealed his conviction. The Court of Appeals decided appellant had to keep his promise and dismissed appellant's appeal. We exercised our discretionary authority to review this decision.

Our law provides that a defendant in noncapital cases "may waive any rights secured him by law." See Article 1.14(a), V.A.C.C.P. Appellant, however, argues that Article 1.14(a) does not apply here and he does not have to keep his promise because this Court has held "that a defendant is not bound by his agreement to waive appeal which is made after judgment of conviction, but before the pronouncement of sentence." *Ex parte Thomas*, 545 S.W.2d 469, 470 (Tex.Cr.App.1977) (and authorities cited therein).

*Thomas* is based on other decisions of this Court holding that a defendant's pretrial waiver of the right to appeal is not binding. See *Thomas*, 545 S.W.2d at 470; *Ex parte Townsend*, 538 S.W.2d 419 (Tex. Cr.App.1976).[1] These decisions rest primarily on the rationale that a defendant's pretrial waiver of the right to appeal is involuntary and "cannot be knowingly and intelligently made" because "the defendant has no way of knowing with certainty the punishment that will be assessed and cannot anticipate the errors that may occur during trial." See *Townsend*, 538 S.W.2d at 420.

The Court of Appeals in this case, as have other Courts of Appeals in similar cases, distinguished our pretrial-waiver-of-the-right-to-appeal cases such as *Townsend* and declined to follow *Thomas* because appellant knew what his punishment would be if the trial court accepted his "plea" and appellant knew what errors may have occurred during trial when he promised to waive his right to appeal.[2] We agree that the considerations that led to our decisions in pretrial-waiver-of-the-right-to-appeal cases such as *Townsend*

---

1.  See also *Bailey v. State*, 543 S.W.2d 653, 655 (Tex.Cr.App.1976); *Ex parte Dickey*, 543 S.W.2d 99, 101 (Tex.Cr.App.1976); *Smith v. State*, 440 S.W.2d 843, 844 (Tex.Cr.App.1969).

2.  *Blanco v. State*, 996 S.W.2d 345, 347 (Tex. App.—Texarkana, 1999) (appellant "knew with certainty what punishment would be assessed" and "he was aware that appealable errors might have occurred at trial"); see also *Bushnell v. State*, 975 S.W.2d 641 (Tex. App.—Houston [14 th Dist.] 1998, pet. ref'd); *Turner v. State*, 956 S.W.2d 789 (Tex.App.—Waco 1997, no pet.); *Doyle v. State*, 888 S.W.2d 514 (Tex.App.—El Paso 1994, pet. ref'd).

are less compelling in cases like this at least where the trial court follows the prosecution's sentencing recommendation. See *Blanco,* at 348 ("the injustice and uncertainties which *Thomas* was meant to prevent do not exist in this case"). *Thomas* also is factually distinguishable because there the defendant did not bargain for a sentencing recommendation from the prosecution in exchange for his waiver of the right to appeal. See *Thomas,* 545 S.W.2d at 470. There is no valid or compelling reason why appellant should not be held to his bargain.

Appellant argues that he should be allowed to renege on his promise because he would have had no recourse had the trial court declined to follow the prosecution's sentencing recommendation. This case does not present that question so we need not address it here or the Court of Appeals' determination that Article 26.13, V.A.C.C.P., "provides safeguards for a defendant" in appellant's "what if" hypothetical situation. See *Blanco,* at 346.

Finally, we note that our decision advances valid and important public policy concerns of moving cases through the system with benefits to both defendants and the general public. See generally *Mabry v. Johnson,* 467 U.S. 504, 104 S.Ct. 2543, 2547–48, 81 L.Ed.2d 437 (1984); *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). It also is well-settled that a defendant is entitled to insist on the benefit of his bargain. See *Santobello,* 92 S.Ct. at 498–99; *Bass v. State,* 576 S.W.2d 400, 401 (Tex.Cr.App.1979). Where, as in this case, there has been no unfairness "in securing agreement between an accused and a prosecutor," there is no reason why this rule should not apply to defendants. See *Mabry,* 104 S.Ct. at 2547–48. Appellant was "fully aware of the likely consequences" when he waived his right to appeal, and it is "not unfair to expect him to live with those consequences now." See *id.*

The judgment of the Court of Appeals is affirmed.

MEYERS and JOHNSON, JJ., concur in the result.

HOLLAND, J., is not participating.