COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-03-021-CR
 
JERRY TYRONE HASTY A/K/A                                                      
   APPELLANT
JERRY TYRONE HALIBURTON
V.
THE STATE OF TEXAS                                                                     
STATE
------------
FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant attempts to appeal his
conviction and thirty-year sentence for unlawful possession of a firearm by a
felon. Because appellant waived his right to appeal, we dismiss.
A defendant in a noncapital case
may waive any right secured him by law, including his right to appeal. Tex. Code
Crim. Proc. Ann. art. 1.14(a) (Vernon Supp. 2003); Monreal v. State,
No. 2289-01, slip op. at 1, 13, 2003 WL 1061123, at *1, 7 (Tex. Crim. App. March
12, 2003); Blanco v. State, 18 S.W.3d 218, 219 (Tex. Crim. App. 2000).
A knowing and intelligent waiver of the right to appeal is binding on the
defendant and prevents him from appealing any issue in the cause without the
consent of the court. Blanco, 18 S.W.3d at 219-20.
On December 12, 2002, the same day
that the judgment was signed, appellant signed a document that was filed with
the court in which he expressly waived any appeal in this case. On January 22,
2003, the trial court signed its certification that appellant had waived the
right of appeal, and appellant also signed that document. The certification is
in the form mandated by the rules of appellate procedure. Tex. R. App. P.
25.2(a)(2), appendix. The clerk's record also contains a certificate of
proceedings, signed by the trial court judge, that contains the statement:
"trial court does not grant permission to appeal; waived appeal in open
court." On February 13, we notified appellant that the certification stated
that appellant had waived the right to appeal. We also informed him that the
appeal would be dismissed unless appellant filed a response showing grounds for
continuing the appeal. See Tex. R. App. P. 25.2(d), 44.3.
In his response, appellant argues
that the trial court's certification of appeal filed on January 22, stating that
appellant waived his right to appeal, is ineffective because it was signed one
day after the effective date for the filing of his notice of appeal, which was
January 21. Appellant had previously signed a written waiver of appeal on
December 12, 2002. Thus, the trial court's subsequent certification was not
somehow rendered ineffective by the filing of the notice of appeal. Appellant's
response says nothing about whether his waiver was knowingly or intelligently
made.
On February 12, 2003, appellant
filed a request for leave to appeal exceptional circumstances in which he argues
that this court should allow him to appeal "in the interest of justice,
regardless of the appellant's waiver." In that motion, appellant claims
that his waiver was involuntary because it was the result of ineffective
assistance of counsel. According to the motion, the
ineffective-assistance-of-counsel claim is based on the failure to call a
defense witness.
On December 12, 2002, after the
jury found appellant guilty and before appellant entered a plea to the habitual
offender allegations, appellant filed a motion requesting that the trial court
judge assess punishment. On that same day, the trial court rendered judgment and
appellant signed the first waiver of appeal. The waiver signed by appellant on
December 12 stated that appellant was "fully informed" by the judge
and his attorney of his legal right to appeal. In it, appellant states
"that I do not desire to appeal and expressly waive any appeal in this
case." In the trial court's subsequent certification that appellant had
waived the right of appeal, appellant signed his name immediately after the
statement "I acknowledge that I have been informed of the above
certification by the trial court" and appellant was given a copy of the
certification in open court.
Appellant does not explain why his
waiver of the right to appeal was involuntary, other than that he now wishes to
appeal. Because appellant waived his right to appeal after the jury found him
guilty, he was aware of any errors that may have occurred during trial, such as
the failure to call a defense witness. See Blanco, 18 S.W.3d at 219.
Furthermore, in the first written waiver, appellant acknowledges that he was
admonished concerning the right to appeal not only by his counsel, but also by
the trial court judge. Thus, we ascertain no valid or compelling reason why
appellant should be allowed to appeal despite his waiver.(2)
Accordingly, we deny appellant's
request for leave to appeal exceptional circumstances and dismiss this appeal.

                                                     
   PER CURIAM
 
PANEL D: GARDNER, J.; CAYCE, C.J.;
and WALKER, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: April 3, 2003

1. See Tex. R. App. P. 47.4.
2. Appellant still has recourse to pursue an
ineffective-assistance-of-counsel claim in an application for writ of habeas
corpus proceeding should he choose to do so. Thompson v. State, 9
S.W.3d 808, 814 & n.6 (Tex. Crim. App. 1999).