JERRY TYRONE HASTY A/K/A...V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-021-CR

JERRY TYRONE HASTY A/K/A APPELLANT

JERRY TYRONE HALIBURTON

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant attempts to appeal his conviction and thirty-year sentence for unlawful possession of a firearm by a felon.  Because appellant waived his right to appeal, we dismiss.

A defendant in a noncapital case may waive any right secured him by law, including his right to appeal.  
Tex. Code Crim. Proc. Ann.
 art. 1.14(a) (Vernon Supp. 2003); 
Monreal v. State, 
No. 2289-01, slip op. at 1, 13, 2003 WL 1061123, at *1, 7 (Tex. Crim. App. March 12, 2003); 
Blanco v. State, 
18 S.W.3d 218, 219 (Tex. Crim. App. 2000).  A knowing and intelligent waiver of the right to appeal is binding on the defendant and prevents him from appealing any issue in the cause without the consent of the court.  
Blanco, 
18 S.W.3d
 
at 219-20.

On December 12, 2002, the same day that the judgment was signed, appellant signed a document that was filed with the court in which he expressly waived any appeal in this case.  On January 22, 2003, the trial court signed its certification that appellant had waived the right of appeal, and appellant also signed that document.  The certification is in the form mandated by the rules of appellate procedure.  
Tex. R. App. P.
 25.2(a)(2), appendix.  The clerk’s record also contains a certificate of proceedings, signed by the trial court judge, that contains the statement: “trial court does not grant permission to appeal; waived appeal in open court.”  On February 13, we notified appellant that the certification stated that appellant had waived the right to appeal.  We also informed him that the appeal would be dismissed unless appellant filed a response showing grounds for continuing the appeal.  
See
 
Tex. R. App. P.
 25.2(d), 44.3.  

In his response, appellant argues that the trial court’s 
certification of appeal filed on January 22, stating that appellant waived his right to appeal, is ineffective because it was signed one day after the effective date for the filing of his notice of appeal, which was January 21.  Appellant had previously signed a written waiver of appeal on December 12, 2002.  Thus, the trial court’s subsequent certification was not somehow rendered ineffective by the filing of the notice of appeal.  Appellant’s response says nothing about whether his waiver was knowingly or intelligently made.

On February 12, 2003, appellant filed a request for leave to appeal exceptional circumstances in which he argues that this court should allow him to appeal “in the interest of justice, regardless of the appellant’s waiver.”  In that motion, appellant claims that his waiver was involuntary because it was the result of ineffective assistance of counsel.  According to the motion, the ineffective-assistance-of-counsel claim is based on the failure to call a defense witness.  

On December 12, 2002, after the jury found appellant guilty and before appellant entered a plea to the habitual offender allegations, appellant filed a motion requesting that the trial court judge assess punishment.  On that same day, the trial court rendered judgment and appellant signed the first waiver of appeal.  The waiver signed by appellant on December 12 stated that appellant was “fully informed” by the judge and his attorney of his legal right to appeal.  In it, appellant states “that I do not desire to appeal and expressly waive any appeal in this case.”  In the trial court’s subsequent certification that appellant had waived the right of appeal, appellant signed his name immediately after the statement “I acknowledge that I have been informed of the above certification by the trial court” and appellant was given a copy of the certification in open court. 

Appellant does not explain why his waiver of the right to appeal was involuntary, other than that he now wishes to appeal.  Because appellant waived his right to appeal after the jury found him guilty, he was aware of any errors that may have occurred during trial, such as the failure to call a defense witness.  
See Blanco, 
18 S.W.3d at 219.  Furthermore, in the first written waiver, appellant acknowledges that he was admonished concerning the right to appeal not only by his counsel, but also by the trial court judge.  Thus, we ascertain no valid or compelling reason why appellant should be allowed to appeal despite his waiver.
(footnote: 2)
 Accordingly, we deny appellant’s request for leave to appeal exceptional circumstances and dismiss this appeal.

PER CURIAM

PANEL D: GARDNER, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  April 3, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Appellant still has recourse to pursue an ineffective-assistance-of-counsel claim in an application for writ of habeas corpus proceeding should he choose to do so.  
Thompson v. State, 
9 S.W.3d 808, 814 & n.6 (Tex. Crim. App. 1999).