In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-283 CR


NO. 09-01-284 CR


NO. 09-01-285 CR


____________________



DONALD FOSTER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 163rd District Court


Orange County, Texas


Trial Cause Nos. B-990494-R, B-010248-R and B-010251-R






MEMORANDUM OPINION (1)


 The State of Texas moves to dismiss Donald Foster's three appeals, on the grounds
that Foster voluntarily waived his right to appeal when he pleaded guilty pursuant to a plea
bargain agreement.


 The State does not contend that the notice of appeal is insufficient. Foster perfected
his appeals before January 1, 2003. His notices of appeal comply with the rules then in
effect in plea bargained felony cases. The notice of appeal filed for B-010248-R and B-010251-R (Appeal Nos. 09-01-284 CR, and 09-01-285 CR) states that Foster is appealing
matters raised and ruled on prior to trial, while the notice of appeal filed in B-990494-R
(Appeal No. 09-01-283 CR) states that the appeal is being taken for a jurisdictional defect
or on matters raised and ruled on prior to trial. 

 The State contends that Foster affirmatively waived his right to appeal. The plea
memoranda recites that "If the punishment assessed does not exceed the agreement
between you and the prosecutor, the court must give permission before you can appeal on
any matter in the case except for matters raised by written motion before trial." The plea
bargain agreements contain the following waivers: "COMES NOW the Defendant, joined
by counsel, and in writing and in open Court, waives his rights and gives up the time
provided by Art. 40.05, 41.02,and 44.08 C.C.P. in which to file a Motion for New Trial,
Motion for Arrest of Judgment, and Notice of Appeal." After sentencing, the sentencing
hearing concluded with the following colloquy:

 THE COURT: You've indicated, Mr. Foster, by instruments in
writing that you wish to waive and give up any right you may have to file a
Motion for New Trial or to file an appeal; is that correct?

 

 THE DEFENDANT: Yes, sir.


 A defendant in a noncapital case may waive any rights secured him by law. Tex.
Code Crim. Proc. Ann. art. 1.14(a) (Vernon Supp. 2003). A defendant who bargains
for a sentencing recommendation in exchange for his waiver of the right to appeal will be
held to that bargain. Blanco v. State, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000). Even
in the absence of a plea bargain agreement, a waiver of the right to appeal that is freely
and voluntarily made is binding upon the appellant. Monreal v. State, 99 S.W.3d 615, 622
(Tex. Crim. App. 2003). The trial court's permission is required before a defendant may
appeal after waiving his right to appeal. Blanco, 18 S.W.3d at 220. In this case, Foster
acknowledged in open court that he waived his right to appeal. Thereafter, the trial court's
permission was required in order for Foster to appeal his convictions. The trial court
denied that permission. Therefore, the appeals must be dismissed, not because Foster filed 
defective notices of appeal or because he is attempting to appeal jurisdictional issues or
issues not raised by written motion and ruled upon prior to trial, but because he
affirmatively waived the right to appeal. 

 The State's motion to dismiss is GRANTED. It is, therefore, Ordered that the
appeals be DISMISSED.

 PER CURIAM

Opinion Delivered October 2, 2003 

Do Not Publish

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.