COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 CRYSTAL
 WILDER,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-02-00356-CR
  
 Appeal from the
  
 384th District Court
  
 of El Paso County, Texas
  
 (TC#20010D06342)
 
 




 

MEMORANDUM
OPINION

Crystal Wilder was convicted in a
bench trial of one count of attempting to secure execution
of a document by deception and two counts of tampering with governmental
records.  The trial court sentenced her
to three years= confinement for attempting to secure
execution of a document by deception and two years= confinement for tampering with
governmental records.  On appeal, Wilder
argues that the evidence is legally and factually insufficient to support the
convictions.  Because Wilder waived her
right to appeal, we will dismiss.








Procedural
Background

After the trial judge found Wilder
guilty, the parties appeared for the punishment phase of the trial.  They announced that they had reached an
agreement as to punishment in this case and had reached plea agreements in two
other cases that were pending against Wilder. 
The judge proceeded to admonish Wilder about the consequences of the
agreements and of her guilty pleas.  The
following exchanges between the judge and Wilder relate to the punishment
agreement in this case:

Judge: I do want
you to understand that if I follow this plea agreement, and I give you the
three years to serve on Count I of this indictment, two years to serve in
Counts II and III, in this case you will not be permitted to appeal this
case.  Do you understand that?

 

Wilder:           Yes,
sir.

 

Judge: You=re, in essence, waiving your right to appeal any
issues that you may feel that you have. 
Do you understand?

 

Wilder:           Yes,
sir.

 

Judge: Do you
know what an appeal is?

 

Wilder:           Yes,
sir.

 

Judge: Are you
sure?

 

Wilder:           Yes,
sir.

 

.   .   .

 

Judge: [Y]ou=re agreeing to give up your right to appeal the issues
that you may have in Counts 20020D06342 [sic] . . . .  Do you understand?








Wilder:           Yes,
sir.

 

.   .   .

 

 

Judge: Now, you=ve indicated to me that you understand what an appeal
is?

 

Wilder:           Yes,
sir.

 

Judge: Now, do
you give up your right, freely and voluntarily to appeal any issue that you may
feel you have on this Court=s rulings, your attorney=s
defense of you, and the prosecution=s and/or
the witnesses= acts against you in this case in return for the
agreement that I stated on the record, ma=am?

 

Wilder:           Yes,
sir.

 

The judge then inquired as to whether
Wilder=s decision was the result of threats,
force, or promises.  He determined that
Wilder had completed high school and two years of college, was not under the
influence of alcohol or drugs, and had never been treated by a psychiatrist or
psychologist, been declared mentally incompetent, or suffered from
blackouts.  In response to questions from
the judge, defense counsel stated that he had no difficulty communicating with
Wilder and that she was able to assist in her defense.  The judge concluded:

[B]y
virtue of your representations, your attorney=s
representations and my observations of you today and on previous occasions, I
find you are competent to enter these pleas of guilty in these two cases and
competent to waive your right to have punishment hearings before the bench in
cause number 20010D06342.

 

The judge sentenced Wilder in
accordance with the agreement.

 








Wilder subsequently filed a AMotion to be Declared Indigent,@ in which she expressed a desire to
appeal.  The trial judge appointed
appellate counsel to investigate whether there were issues for Wilder to
appeal.  But the judge stated on the
record in open court that he was not giving her permission to appeal.

Discussion

A valid waiver of appeal prevents a
defendant from appealing without the permission of the trial court.  Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim.
App. 2003).  The record reflects
that Wilder knowingly and voluntarily waived her right to appeal.  At the time she made the waiver, she and her
counsel were aware of possible errors that occurred during trial and of the
punishment that would be assessed.  See
Blanco v. State, 18 S.W.3d 218, 219-20 (Tex. Crim.
App. 2000) (suggesting that a post-conviction waiver of appeal made in exchange
for a sentencing recommendation is enforceable because the defendant was aware
of errors that may have occurred at trial and knew what his punishment would
be).  Moreover, the responses of Wilder
and her counsel to the judge=s questions indicate that the waiver was voluntary.  Wilder does not argue on appeal that the
waiver was involuntary.








Conclusion

For the reasons stated herein, the
appeal is dismissed.

 

SUSAN
LARSEN, Justice

January 15, 2004

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)