# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00204-CR

**Randy Austin Teutsch, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
### NO. 03-494-K368, HONORABLE BURT CARNES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Randy Austin Teutsch seeks to appeal from a judgment of conviction for attempted violation of a protective order. His motion for extension of time to file his notice of appeal is granted, but we dismiss his appeal.

The trial court has certified that this is a plea bargain case and Teutsch has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The certification also states that Teutsch waived his right of appeal. The State has moved to dismiss the appeal on the basis of the court's certification. *See id*. rule 25.2(d).

In his response to the motion to dismiss, Teutsch argues that the trial court's certification is incorrect insofar as it states that he has no right of appeal. He points out, and the record before us confirms, that written defense motions were filed and ruled on before trial. *See id*. rule 25.2(a)(2)(A). He also argues that his waiver of appeal was ineffective because it was made

before sentence was imposed. The record shows, however, that the waiver of appeal was part of Teutsch's plea bargain agreement. Because the court assessed the punishment agreed to, Teutsch is bound by his bargain, including the waiver. *Blanco v. State*, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000). There is nothing in the record to indicate that Teutsch was unaware of the waiver or misled regarding its effect. *Cf. Alzarka v. State*, 90 S.W3d 321, 324 (Tex. Crim. App. 2002).

Because Teutsch waived his right of appeal, the State's motion to dismiss is granted and the appeal is dismissed.

 

_____

Bob Pemberton, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Dismissed for Want of Jurisdiction

Filed: May 13, 2004

Do Not Publish