NO. 07-03-0460-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 11, 2005
_____

JOHNNY REYES, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. A15099-0308; HON. ED SELF, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Appellant Johnny Reyes, Jr. appeals his conviction for theft. Through four issues, he contends that 1) he did not knowingly and intelligently waive his right of appeal, 2) the jury was improperly instructed, 3) he received ineffective assistance of counsel, and 4) the evidence was legally and factually insufficient to sustain his conviction. We dismiss the appeal.

The certification of right to appeal signed by the trial court states that appellant "waived the right to appeal." Given this, we are obligated to dismiss the cause unless the record before us illustrates that the certification is defective. *Dears v. State*, 154 S.W.3d 610, 613-14 (Tex. Crim. App. 2005). It does not.

After being found guilty of theft, appellant waived his request to have the jury assess punishment. Instead, he wanted the trial court to determine his sentence. Furthermore, both the State and appellant agreed to propose a sentence to the court as part of an agreement. Through the latter, appellant would accept a term of confinement for two years in a state jail facility. In return, the State would dismiss a particular misdemeanor charge pending against him and forego prosecution for various other acts performed by appellant. Questions posed to appellant by both his counsel and the State revealed that he understood and accepted the terms of the bargain. Thereafter, the trial court inquired about whether he also understood that as part of the agreement appellant would also provide restitution of $4000 and "waive . . . any right to appeal that [appellant] has." Further questioning of appellant by his attorney about these two matters illustrated that he understood and agreed to them as well. Given this response, the trial court sentenced appellant in accordance with the terms discussed.

The Court of Criminal Appeals has held that a defendant may legitimately waive his right to appeal when the defendant knows of the potential sentence to be assessed before executing the waiver. *Monreal v. State*, 99 S.W.3d 615, 618 (Tex. Crim. App. 2003); *Blanco v. State*, 18 S.W.3d 218, 219-20 (Tex. Crim. App. 2000). And, before us is evidence illustrating that appellant knew of the sentence to which he was exposed when he agreed to waive his right to appeal. So, because the record illustrates that the waiver

2

was and is valid under *Monreal* and *Blanco,* the trial court's certification is not defective. Thus, we must dismiss this cause given that appellant relinquished his right to appeal, as evinced by the court's certification.[1]

The appeal is dismissed pursuant to Texas Rule of Appellate Procedure 25.2.

Brian Quinn
Chief Justice

Do not publish.

---

[1]Again, appellant attacks the validity of the waiver through his first issue. Yet, the same evidence used to show that the certificate of appeal was not defective also provides ample basis upon which the trial court could have reasonably found the waiver to be knowing, intelligent, and voluntary. So by dismissing the appeal we also overrule appellant's first issue.