Dismissed and Memorandum Opinion filed July 27, 2006








Dismissed
and Memorandum Opinion filed July 27, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00515-CR

____________

 

JASON COOK,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
184th District Court

Harris County, Texas

Trial Court Cause No. 1029645

 



 

M E M O R A N D U M   O P I N I O N








Appellant
entered a guilty plea to the offense of possession of a controlled substance. 
In accordance with the terms of a plea bargain agreement with the State, the
trial court issued an order, deferring adjudication and placing appellant on
two years of community supervision.  The State subsequently moved to
adjudicate.  In the Stipulation of Evidence, appellant agreed to enter a plea
of true to the State=s motion with the understanding that his punishment would be
set at two years= incarceration at the Texas Department of Criminal Justice,
Institutional Division, and assessment of a fine of $500.  As part of this
agreement, appellant agreed to waive any right of appeal.  The trial court
adjudicated appellant guilty and assessed punishment at two years in the Texas
Department of Criminal Justice, Institutional Division, and a fine of $500. 
Because appellant has waived his right to appeal, we dismiss. 

The
trial court entered a certification of the defendant's right to appeal in which
the court certified that the defendant has no right of appeal.  See Tex.
R. App. P. 25.2(a)(2). The trial court's certification is included in the
record on appeal.  See Tex. R. App. P. 25.2(d). The trial court's
certification states the case involves a plea bargain and appellant has no
right to appeal.  Because the restrictions of rule 25.2 do not apply to plea
bargains entered at adjudication proceedings, we cannot dismiss the appeal on
that basis.  See Dears v. State, 154 S.W.3d 610, 613 (Tex. Crim. App.
2005).  However, appellant's waiver of his right to appeal provides an
independent basis to dismiss the appeal.  See Blanco v. State, 18 S.W.3d
218, 219‑20 (Tex. Crim. App. 2000).

Accordingly,
we dismiss the appeal.  

 

 

PER CURIAM

 

Judgment rendered and Memorandum Opinion filed July
27, 2006.

Panel consists of Justices Anderson, Edelman, and
Frost.

Do Not Publish C Tex. R. App. P.
47.2(b)