IN THE COURT OF CRIMINAL APPEALS


OF TEXAS
 





NO. AP-75,338
 





EX PARTE STEVEN DONALD INSALL, Applicant





ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. C-1-007535-0910333-A IN THE CRIMINAL DISTRICT COURT

NUMBER ONE OF TARRANT COUNTY




 Hervey, J., delivered the opinion of the Court in which Keller, P.J., Meyers,
Womack, Keasler and Cochran, JJ., joined. Johnson, J., filed a dissenting opinion in
which Price and Holcomb, JJ., joined.



O P I N I O N 



 In this case, we deny applicant's request for habeas corpus relief on the merits and reject the
State's claim that applicant's request for habeas corpus relief should be denied as waived.

 Applicant was charged with possession with intent to deliver more than 400 grams of gamma
hydroxybutrate, which is a Penalty Group 1 controlled substance. See Section 481.102(9), Tex.
Controlled Substances Act. This offense carries a punishment range of 15 to 99 years, or life,
in prison and a fine not to exceed $250,000. See Section 481.112(f), Tex. Controlled
Substances Act. Applicant and the State entered into a plea bargain under which the State
recommended to the convicting court that applicant be placed on deferred adjudication community
supervision (deferred adjudication probation) for ten years and pay a $1,000 fine in exchange for,
among other things, applicant's guilty plea and his waiver of his right "to seek an application for writ
of habeas corpus" under Article 11.07, Tex. Code Crim. Proc. The convicting court accepted the
parties' plea bargain, placed applicant on deferred adjudication probation for ten years, and assessed
a $1,000 fine. The habeas corpus record indicates that the usual procedures were followed for
insuring that a guilty plea is voluntarily made. The plea papers also state that applicant could be
sentenced to "15 years-99 years, life" in prison, if he violated any condition of his deferred
adjudication probation and his guilt was adjudicated. Applicant subsequently violated several
conditions of his probation. The convicting court adjudicated applicant guilty and sentenced him
to life in prison. The habeas record does not reflect that applicant claimed that he was unaware that
he could be sentenced to life imprisonment when the convicting court assessed this sentence.

 Applicant is seeking habeas corpus relief, claiming that his guilty plea was involuntary
because he did not understand that the convicting court could sentence him to life imprisonment if
he violated his probation and his guilt was adjudicated. (1) The State claims that this Court should not
consider the merits of this claim because applicant waived his right to seek habeas corpus relief in
exchange for the consideration that applicant received from the State as part of the parties' plea
bargain. The State asserts that "a waiver of a right to file an application for writ of habeas corpus
under Article 11.07 of the Texas Code of Criminal Procedure is enforceable against a defendant
when the waiver was knowingly, intelligently, and voluntarily given." (2)

 This is a correct statement of the law. This Court's decision in Blanco v. State recognizes
that a defendant has a statutory right to "waive any rights secured him by law" under Article 1.14(a),
Tex. Code Crim. Proc., and that such a waiver is judicially enforceable unless the waiver is not
"knowingly and intelligently made." See Blanco v. State, 18 S.W.3d 218, 219 (Tex.Cr.App. 2000). (3) 
However, in Ex parte Delaney, which was handed down after this case was submitted, this Court
decided that, even in a deferred adjudication case such as this, a waiver of an appeal that would
follow an adjudication of guilt and sentencing "may not be valid" if "the plea agreement does not
contain a recommended punishment to be imposed if guilt is adjudicated." See Ex parte Delaney,
207 S.W.3d 794, 798-99 (Tex.Cr.App. 2006). This Court further stated in Delaney that "simply
knowing the range of punishment for the offense is not enough" to make the waiver of appeal
voluntary. See id.

 Under the reasoning of Delaney, applicant's waiver of his right to seek habeas relief was
involuntary or not "knowingly and intelligently made" because the plea agreement contained only
the range of punishment and not a certain punishment to be imposed if guilt was adjudicated. (4) We
nevertheless agree with the State that, under the facts of this case, the record also supports the
convicting court's conclusion that applicant "was aware that he could be sentenced to life in prison
if his deferred adjudication was revoked and he was adjudicated guilty." We, therefore, reject
applicant's claim that his plea was involuntary on its merits.

 Habeas corpus relief is denied.

 Hervey, J.


Delivered: May 23, 2007

Publish

1. Applicant claimed in his habeas corpus application that his guilty plea was involuntary
because he pled guilty not realizing that he could be sentenced to life imprisonment if he violated
his deferred adjudication probation. He asserted:


 When I agreed to deferred adjudication I did not know that a violation of my
probation could result in a judgment and sentence for a term of LIFE imprisonment. 
It was not until I conferred with another attorney (John Linebarger) in February 2005
(one month after my plea of guilty and the start of my probation) that I realized the
trial judge was authorized to send me to prison for a term anywhere within the
punishment range, including the maximum sentence of life. Had I known at the time
of my plea that a violation could result in a Life sentence, I would not have entered
the plea. 


 Applicant's brief in support of his writ of habeas corpus asserts that applicant is not
presenting any ineffective assistance of counsel claims. This brief also asserts that applicant "does
not discount the possibility that counsel may have told him" that "a violation of his probation could
result in a sentence of life imprisonment" but that "due to his mental state at the time, he did not
understand the significance of what he was told." Applicant, however, has presented no evidence
that he suffered from any mental defect at the time of his plea. 
2. The State claims that applicant's waiver of his right to seek habeas corpus relief was
voluntary because, when he made the waiver, applicant knew that he could be sentenced to life
imprisonment if he violated his probation and his guilt was adjudicated.
3. Thus, we agree with the dissent that a defendant cannot knowingly and intelligently waive
matters he could not have known at the time of the waiver.
4. It would, therefore, appear that applicant's waiver to seek habeas relief would have been
judicially enforceable had he bargained for a certain life sentence in the event his guilt was
adjudicated and the convicting court followed this bargain. See Delaney, 207 S.W.3d at 798-99;
Blanco, 18 S.W.3d at 219-20.