Dismissed and Memorandum Opinion filed December 18, 2008








Dismissed
and Memorandum Opinion filed December 18, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00519-CR

____________

 

ANTHONY WONTON HARDEMAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
176th District Court

Harris County, Texas

Trial Court Cause No. 1114377

 



 

M E M O R A N D U M   O P I N I O N

Appellant
entered a Aguilty@ plea to robbery.  The trial court sentenced appellant on May 30, 2008,
to confinement for six years in the Institutional Division of the Texas
Department of Criminal Justice.  Appellant filed a pro se notice of appeal on
June 12, 2008.  We dismiss the appeal.  








The
trial court entered a certification of the defendant=s right to appeal in which the court
certified the defendant has waived the right of appeal.  See Tex. R. App. P. 25.2(a)(2).  Because
the record did not reflect the trial court=s certification was correct, we
requested a corrected certification.

The
trial court conducted a hearing.  The hearing record reflects after the case
was set for trial, the State made appellant an offer.  Appellant countered and
the Court told the defendant Athat this Court was going to sentence the defendant to 6
years. . .@  Appellant agreed that is what happened.  Appellant further agreed that Ait was everybody=s belief and this Court=s understanding that you were not going
to appeal that situation. . .@  Appellant acknowledged that was his understanding at the
time, the trial court certified he waived his right to appeal, and appellant
signed the certification.

When a
complete record is present, we are obligated to examine the record to determine
whether the trial court=s certification is defective.   See Dears v. State,
154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005).  The record reflects appellant
waived his right to appeal.  Further, the record reflects appellant knew with
certainty the punishment that would be assessed.  See Monreal v. State,
99 S.W.3d 615 (Tex. Crim. App. 2003).  Thus, there is a valid waiver of the
right to appeal.  Cf Blanco v. State, 18 S.W.3d 218, 219 (Tex. Crim.
App. 2000).  The record supports the trial court=s certification.  See Dears, 154
S.W.3d at 615.

Accordingly,
the appeal is dismissed.  

 

PER CURIAM

 

Judgment rendered and Memorandum Opinion filed
December 18, 2008.

Panel consists of Justices Frost, Brown, and Boyce.

Do Not Publish C Tex. R. App. P.
47.2(b)