Dismissed and Memorandum Opinion filed June 30, 2011.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00480-CR

NO. 14-11-00483-CR

____________

 

JOHN AARON CANTU, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 268th District Court


Fort Bend County, Texas

Trial Court Cause Nos. 10-DCR-055442
& 10-DCR-055111

 



 

MEMORANDUM
 OPINION

Appellant entered a guilty plea to the offenses of engaging
in organized criminal activity (Trial Court Cause No. 10-DCR-055442; Appeal
No. 14-11-00480-CR) and manufacture and delivery of a controlled substance (Trial
Court Cause No. 10-DCR-055111; Appeal No. 14-11-00483-CR).  In
accordance with the terms of a plea bargain agreement with the State, the trial
court sentenced appellant on May 5, 2011, to confinement for thirty-three years
in the Institutional Division of the Texas Department of Criminal Justice for
each offense, to run concurrently.  In both cases, appellant filed a pro se
notice of appeal.  We dismiss both appeals. 

In both cases, the trial court entered a certification of the
defendant’s right to appeal in which the court certified that this is a plea
bargain case and the defendant has no right of appeal.  See Tex. R. App. P. 25.2(a)(2).  The trial court’s certification is included
in each record on appeal.  See Tex.
R. App. P. 25.2(d).  In both cases,
the record supports the trial court’s certification.  See Dears v. State,
154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Further, the record in both cases reflects appellant waived
his right of appeal.  Negotiated waivers of the right to appeal are valid if
the defendant waived the right of appeal knowing with certainty the punishment
that would be assessed.  See Monreal v. State, 99 S.W.3d 615 (Tex. Crim.
App. 2003).  The record establishes appellant waived his right to appeal in
both cases in exchange for the sentence received.  Appellant knew with
certainty the punishment that would be assessed.  See Monreal v. State,
99 S.W.3d 615 (Tex. Crim. App. 2003). Thus, there is a valid waiver of the
right to appeal in both cases.  Cf.
Blanco v. State, 18 S.W.3d 218, 219 (Tex. Crim. App. 2000).

For these reasons, the appeals are dismissed.    

 

PER CURIAM

 

Panel consists of Justices Anderson,
Brown, and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b)