02-11-257-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00257-CR 

 

 


 
 
 Michele Lee Gonzalez
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM Criminal
District Court No. 3 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Michele
Lee Gonzalez is attempting to appeal the trial court’s judgment adjudicating her
guilty of unauthorized use of a motor vehicle and sentencing her to six months’
confinement.  The trial court’s certification of Gonzalez’s right to appeal
states that she waived the right of appeal.  The written plea admonishments and
waiver shows that Gonzalez waived her right of appeal knowing that the State
would recommend a sentence of six months’ confinement and a plea in bar in
another pending case in exchange for Gonzalez’s plea of true to the allegations
in the motion to adjudicate.  Gonzalez pleaded true, and, in accordance with
the plea bargain, the trial court sentenced Gonzalez to six months’ confinement
and ordered that the plea in bar be granted.

On June
30, 2011, we sent the parties a letter notifying them that this appeal may be
dismissed based on the trial court’s certification unless any party filed a
response on or before July 11, 2011, showing grounds for continuing the
appeal.  See Tex. R. App. P. 25.2(d), 43.2(f).  We received no response.

When
a defendant waives her right of appeal as part of an agreement on sentencing
and the agreement is followed by the trial court, she will be held to the
bargain and may not appeal any matters unless the trial court first grants her
permission.  Blanco v. State, 18 S.W.3d 218, 219–20 (Tex. Crim. App.
2000); see Tex. Code Crim. Proc. Ann. art. 1.14(a) (West 2005)
(providing that a defendant in a non-capital case may waive any rights secured
her by law); Ex parte Delaney, 207 S.W.3d 794, 796 (Tex. Crim. App.
2006); Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003) (“[A]
valid waiver of appeal, whether negotiated or non-negotiated, will prevent a
defendant from appealing without the consent of the trial court.”).

The
record establishes that Gonzalez waived her right of appeal in exchange for the
sentence she received.  There is a valid waiver of the right to appeal, and the
trial court did not otherwise grant Gonzalez permission to appeal. 
Consequently, we dismiss the appeal.  See Tex. R. App. P. 25.2(d)
(providing that an appeal must be dismissed unless the trial court’s
certification shows that the defendant has the right of appeal); Blanco,
18 S.W.3d at 219–20.

 

 

PER CURIAM

 

PANEL: 
WALKER,
MCCOY, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  August 4, 2011








 









[1]See Tex. R. App. P. 47.4.