

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00257-CR

MICHELE LEE GONZALEZ                                          APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Michele Lee Gonzalez is attempting to appeal the trial court's judgment adjudicating her guilty of unauthorized use of a motor vehicle and sentencing her to six months' confinement. The trial court's certification of Gonzalez's right to appeal states that she waived the right of appeal. The written plea admonishments and waiver shows that Gonzalez waived her right of appeal

---

[1]*See* Tex. R. App. P. 47.4.

knowing that the State would recommend a sentence of six months' confinement and a plea in bar in another pending case in exchange for Gonzalez's plea of true to the allegations in the motion to adjudicate. Gonzalez pleaded true, and, in accordance with the plea bargain, the trial court sentenced Gonzalez to six months' confinement and ordered that the plea in bar be granted.

On June 30, 2011, we sent the parties a letter notifying them that this appeal may be dismissed based on the trial court's certification unless any party filed a response on or before July 11, 2011, showing grounds for continuing the appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f). We received no response.

When a defendant waives her right of appeal as part of an agreement on sentencing and the agreement is followed by the trial court, she will be held to the bargain and may not appeal any matters unless the trial court first grants her permission. *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000); *see* Tex. Code Crim. Proc. Ann. art. 1.14(a) (West 2005) (providing that a defendant in a non-capital case may waive any rights secured her by law); *Ex parte Delaney*, 207 S.W.3d 794, 796 (Tex. Crim. App. 2006); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003) ("[A] valid waiver of appeal, whether negotiated or non-negotiated, will prevent a defendant from appealing without the consent of the trial court.").

The record establishes that Gonzalez waived her right of appeal in exchange for the sentence she received. There is a valid waiver of the right to appeal, and the trial court did not otherwise grant Gonzalez permission to appeal.

2

Consequently, we dismiss the appeal. *See* Tex. R. App. P. 25.2(d) (providing that an appeal must be dismissed unless the trial court's certification shows that the defendant has the right of appeal); *Blanco*, 18 S.W.3d at 219–20.

PER CURIAM

PANEL: WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 4, 2011