**Order entered November 5, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-00643-CR
No. 05-13-00646-CR

**JUSTIN VEASLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-52541-Q, F07-60455-Q**

## ORDER

The Court **ORDERS** the trial court to conduct a hearing to determine why appellant's brief has not been filed.[1]  In this regard, the trial court shall make appropriate findings and recommendations and determine whether appellant desires to prosecute the appeals, whether appellant is indigent, or if not indigent, whether retained counsel has abandoned the appeals. *See* TEX. R. APP. P. 38.8(b).  If the trial court cannot obtain appellant's presence at the hearing, the

---

[1] The above appeals are companion cases to cause nos. 05-13-00644-CR, 05-13-00645-CR, and 05-13-00647-CR. The records in cause nos. 05-13-00644-CR and 05-13-00645-CR reflect that the trial court granted the parties' agreed motion for new trial, conducted a new adjudication hearing, and assessed punishment in accordance with the parties' agreement. In cause no. 05-13-00647-CR, the record reflects the trial court granted the parties' agreed motion for new trial, appellant pleaded guilty, and the trial court sentenced appellant in accordance with the parties' agreement. Additionally, on the plea agreement forms, appellant waived his right to appeal these cases. *See Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000). The trial court certified that appellant has no right to appeal these cases. *See* TEX. R. APP. P. 25.2(a), (d); *Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005). Therefore, the appeals in cause nos. 05-13-00644-CR, 05-13-00645-CR, and 05-13-00647-CR are not subject to the abatement order and we will dispose of them in due course.

trial court shall conduct the hearing in appellant's absence. *See Meza v. State*, 742 S.W.2d 708 (Tex. App.–Corpus Christi 1987, no pet.) (per curiam). If appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel.

We **ORDER** the trial court to transmit a record of the proceedings, which shall include written findings and recommendations, to this Court within **THIRTY DAYS** of the date of this order.

The appeals are **ABATED** to allow the trial court to comply with the above order. The appeals shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

/s/    LANA MYERS
       JUSTICE