

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00492-CR

MACLIN RAY DENSON                                                      APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1295117D

----------

## MEMORANDUM OPINION[1]

----------

Pursuant to a plea bargain, Appellant Maclin Ray Denson pled true to the State's petition to proceed to the adjudication of his guilt for possession of less than one gram of a controlled substance (cocaine), a state jail felony,[2] and also waived

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Health & Safety Code Ann. §§ 481.102(3)(D), .115(b) (West 2010).

various rights, including his right to appeal. The trial court adjudicated his guilt, found the enhancement paragraph true, and sentenced him to the agreed-upon two years' confinement in prison.

Appellant filed a timely pro se notice of appeal. The trial court's certification of Appellant's right of appeal states that this is "a plea-bargain[ed] case, and the defendant has NO right of appeal." Accordingly, we sent a letter to Appellant's appointed counsel, copying it to Appellant, requesting a response by December 18, 2014, showing grounds for continuing the appeal. We have not received a response other than Appellant's pro se "Motion for Extension of Time Within Which to file Appellant's Trial Brief," filed December 16, 2014, and seeking a sixty-day extension.

Despite the trial court's failure to indicate Appellant's waiver on its certification, the signed plea papers reveal that Appellant waived his right of appeal as part of a negotiated plea bargain at the time of adjudication.[3]

Based on Appellant's waiver, we dismiss this appeal,[4] and we dismiss

---

[3]*See Blanco v. State*, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000); *see also Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

[4]*See* Tex. R. App. P. 25.2(d), 43.2(f); *Blanco*, 18 S.W.3d at 220; *Richards v. State*, No. 02-12-00253-CR, 2012 WL 4121154, at *1 (Tex. App.—Fort Worth Sept. 20, 2012, no pet.) (mem. op., not designated for publication); *see also Brooks v. State*, No. 02-12-00196-CR, 2012 WL 2036473, at *2 (Tex. App.—Fort Worth June 7, 2012, no pet.) (mem. op., not designated for publication) (declining to order the trial court to amend a defective certification "because doing so would be a useless act—Brooks would still be unable to appeal his conviction").

Appellant's pending motion as moot.

PER CURIAM

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 22, 2015