**Dismissed and Memorandum Opinion filed April 23, 2015.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

### NO. 14-15-00278-CR

**ANTHONY DAVIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 434th Judicial District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 13-DCR-062341A**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant of aggravated sexual assault of a child. In accordance with the terms of an agreement with the State, the trial court sentenced appellant to confinement for 45 years in the Institutional Division of the Texas Department of Criminal Justice. We dismiss the appeal.

The trial court entered a certification of the defendant's right to appeal in which the court certified that appellant waived his right of appeal. *See* Tex. R.

App. P. 25.2(a)(2). The trial court's certification is included in the record on appeal. *See* Tex. R. App. P. 25.2(d). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Appellant's waiver reflects that he entered into an agreement with the State after a jury found him guilty. Appellant waived the right of appeal knowing with certainty the punishment that would be assessed. *See Blanco v. State*, 18 S.W.3d 218, 219 (Tex. Crim. App. 2000) (holding waiver of right to appeal is valid if appellant knows with certainty the punishment that will be assessed).

Accordingly, we dismiss the appeal.

PER CURIAM

Panel consists of Justices Christopher, Brown, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b)