ACCEPTED
14-15-00344-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
12/7/2015 11:15:32 AM
CHRISTOPHER PRINE
CLERK

## Nos. 14-15-00344-CR & 14-15-00345-CR

In the
Court of Appeals
For the
Fourteenth District of Texas
At Houston

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
12/7/2015 11:15:32 AM
CHRISTOPHER A. PRINE
Clerk

———◆———

**Nos. 1412474 & 1412475**
In the 262nd District Court
Of Harris County, Texas

———◆———

**Nayajah Niya Davis**
*Appellant*
v.
**The State of Texas**
*Appellee*

———◆———

**State's Motion to Dismiss
Based on Waiver of Right of Appeal**

———◆———

The record in this case shows that the appellant knowingly waived her right of appeal after the trial on guilt was concluded. She developed no post-trial record that would support a finding that this waiver was not knowing, voluntary, and intelligent. Accordingly, this Court should dismiss these appeals.

1

## Statement of the Case

The appellant was charged with two counts of assault of a public servant. (1 CR 19; 2 CR 19).[1] She entered a plea of not guilty, but a jury found her guilty as charged for both offenses. (1 CR 224, 226; 2 CR 196, 199). After the guilty verdict, the appellant entered into an agreement with the State regarding punishment. (13 RR 4-5). In accord with that agreement the trial court assessed punishment at concurrent sentences 5 years' confinement, but suspended the sentences and ordered the appellant to serve 5 years' community supervision. (1 CR 226, 228-31; 2 CR 199, 201-204). As part of the agreement, the appellant waived her right of appeal. (13 RR 8-10, 18, 21; 1 CR 212).

## The appellant's waiver of her right of appeal is binding.

The record in this case is very explicit that the appellant waived her right to appeal after the trial on guilt had concluded.  (13 RR 8-10, 18, 21). The Court of Criminal Appeals has held that where a defendant, after having been found guilty, waives her right of appeal as part of an agreement with the State regarding punishment, that waiver is binding.

---

[1] The State will refer to the two clerk's records in these cases as though they were sequential volumes. Thus the record for cause 141212474 will be 1 CR, and the record for 1412475 will be 2 CR.

*See Blanco v. State*, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000) (declining to allow defendant to "renege" on agreement).

There might be circumstances where the interests of justice would weigh against enforcing such a waiver, but this case involves none of those. The only matters the appellant raises on appeal relate to matters of which she was aware prior to waiving her right of appeal. At one point she references a motion for new trial, but there is no motion for new trial in either clerk's record, and the appellant's brief does not reference any new evidence adduced as a result of any motion for new trial.

"[An] appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record …." TEX. R. APP. P. 25.2(d). There is no such certification in this case; one record contains a certification that the appellant waived her right of appeal, and the other record contains no certification at all, though it is apparent that the appellant's waiver would apply to both causes. (1 CR 212 (certification that appellant has waived her right of appeal); 13 RR 18 (trial court admonishing appellant that "You've given up any right that you have to appeal either one of these convictions; you got that?"; defendant responding: "Yes.")).

**Prayer**

The State asks this Court to dismiss this appeal because the appellant bargained away her right of appeal in return for the State agreeing to her receiving community supervision instead of time in the penitentiary. This Court should dismiss this appeal to enforce that bargain.

Respectfully submitted,

/s/ C.A. Morgan
**CLINTON A. MORGAN**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002-1923
(713) 755-5826
morgan_clinton@dao.hctx.net
TBC No. 24071454

## Certificate of Service

I certify that I have requested that efile.txcourts.gov electronically serve a copy of this motion to:

J. Paxton Adams
huntsvilleatty@att.net

/s/ C.A. Morgan
**CLINTON A. MORGAN**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002-1923
(713) 755-5826
morgan_clinton@dao.hctx.net
TBC No. 24071454

Date: December 7, 2015