

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-19-00060-CR

David Alan **BRUNDAGE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 38th Judicial District Court, Uvalde County, Texas
Trial Court No. 15-10-12665-CR
Honorable Camile Glasscock Dubose, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
              Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice

Delivered and Filed: May 22, 2019

DISMISSED

A jury found appellant guilty of aggravated sexual assault of a child. The clerk's record contains a trial court certification, signed by the trial court and appellant, stating: "[T]he defendant has waived the right of appeal." Where the State and the appellant agree the appellant will waive his right of appeal in exchange for the State's sentencing recommendation and the trial court follows the State's sentencing recommendation, "[t]here is no valid or compelling reason why appellant should not be held to his bargain." *Blanco v. State*, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000); *see also* TEX. CODE CRIM. PROC. art. 1.14(a), 44.02. Here, the clerk's record reflects that

prior to sentencing, appellant and the State entered into an agreement whereby the State agreed to recommend a sentence of five years in prison and a $10,000 fine and appellant agreed to waive his right to appeal. On March 5, 2019, the trial court signed a final judgment sentencing appellant to five years in prison and a $10,000 fine. Therefore, the record reflects that appellant made a valid waiver of his appellate rights.

We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d). We ordered that this appeal would be dismissed unless an amended trial court certification showing appellant has the right to appeal was made part of the appellate record by May 13, 2019. Appellant did not file a response to this court's order, and an amended trial court certification showing appellant has the right to appeal has not been made part of the appellate record.

Accordingly, this appeal is dismissed. *See id.*

PER CURIAM

DO NOT PUBLISH