

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00300-CR
_____

BRODERICK J. BERRY, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1532383D

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

After a jury found Broderick J. Berry guilty of failing to comply with sex-offender-registration requirements,[1] he entered into a plea bargain with the State for a ten-year sentence. The plea paperwork included a waiver of the right of appeal. The trial judge sentenced Berry in accordance with the plea bargain. Although Berry was represented by appointed counsel, he filed a pro se notice of appeal from the trial court's judgment.

The trial court's certification of Berry's right of appeal shows that the case "is a plea-bargain case" with "NO right of appeal" and that Berry waived the right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's judgment states, "APPEAL WAIVED, NO PERMISSION TO APPEAL GRANTED."

After a defendant has been found guilty of committing an offense, he may waive his right to appeal in exchange for a recommended sentence. *See Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000). Such a waiver warrants dismissal of any appeal. *See id.* Although we informed Berry and his trial counsel of our concern that the judgment is not appealable, we have received no response. Thus, we dismiss the appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f); *see also Blanco*, 18 S.W.3d at 219–20; *Brundage v. State*, No. 04-19-00060-CR, 2019 WL 2194077, at *1 (Tex. App.—

---

[1]The offense is a third degree felony with a punishment range of two to ten years' confinement, but Berry had pleaded true to an enhancement paragraph, so the maximum punishment he faced was twenty years' confinement. *See* Tex. Code Crim. Proc. Ann. art. 62.102(b)(2); Tex. Penal Code Ann. §§ 12.33(a), 12.34(a), 12.42(a).

San Antonio May 22, 2019, no pet.) (mem. op., not designated for publication) (per curiam); *Andrews v. State*, Nos. 02-12-00136-CR, 02-12-00137-CR, 2012 WL 1868736, at *1 & n.2 (Tex. App.—Fort Worth May 24, 2012, no pet.) (mem. op., not designated for publication) (per curiam).

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 9, 2020