**Opinion filed May 6, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00065-CR

_____

**APRIL MARIE MARTINEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-20-1211-CR**

## M E M O R A N D U M   O P I N I O N

Appellant, April Marie Martinez, entered into a plea of true to the allegations in the State's motion to adjudicate. The trial court adjudicated Appellant guilty of the state jail felony offense of possession of a controlled substance and assessed Appellant's punishment at confinement for twenty-four months in a state jail facility and a fine of $550. Appellant then waived her right of appeal. We dismiss the appeal.

This court notified Appellant by letter that the trial court had certified that Appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). We requested that Appellant respond and show grounds to continue the appeal. Appellant has filed a response but has not shown grounds upon which this appeal may be continued.

We note at the outset that, contrary to the trial court's certification of Appellant's right of appeal, this appeal does not involve a true plea-bargain situation, i.e., a negotiated punishment in exchange for a plea of "guilty." *See* TEX. R. APP. P. 25.2(a)(2); *see also Hargesheimer v. State*, 182 S.W.3d 906, 911 (Tex. Crim. App. 2006) (holding that Rule 25.2(a)(2) extends only to appeals from the initial plea of guilty in exchange for deferred adjudication, not to appeals from the proceeding on the motion to adjudicate guilt). Rather, this is an appeal from a judgment adjudicating guilt after a plea of true to the allegations in the State's motion to adjudicate. To the extent that Appellant is attempting to appeal the original order deferring the adjudication of her guilt and any related plea bargain, she is prevented from doing so in this appeal. *See Hargesheimer*, 182 S.W.3d at 912.

The trial court also certified that Appellant waived her right of appeal. *See* TEX. R. APP. P. 25.2(d). In conjunction with the adjudication of her guilt on April 8, 2021, Appellant signed a "Waiver of Right of Appeal – Revocation of Probation" in which she acknowledged that both her attorney and the trial court had fully informed her of her right to appeal and her right to have an attorney appointed to represent her on appeal. Appellant's waiver specifically provided:

> I, the Defendant . . . having had my probationary sentence revoked and sentence pronounced, hereby expressly state as a fact that I have been fully informed by the Judge of this Court and by my attorney and I know, that I have the legal right of appeal from this revocation . . . .
>
> With full knowledge and understanding of the above, I hereby, in Open Court, state that I do not desire to appeal and expressly waive

my right of appeal and I hereby accept as final the Order revoking probation herein.

The waiver was signed by Appellant, her attorney, and the trial judge.

The documents on file in this appeal therefore show that Appellant waived her right of appeal and that she was fully aware of the likely consequences at the time she did so. *See Blanco v. State*, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000). Texas has "long held that a valid waiver of appeal prevents a defendant from appealing without the trial court's consent." *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003). A waiver of the right to appeal is valid if it was made voluntarily, knowingly, and intelligently. *Id.* In *Monreal*, the court reaffirmed that "a valid waiver of appeal, whether negotiated or non-negotiated, will prevent a defendant from appealing without the consent of the trial court." *Id.* at 622. We note that the trial court has not consented to this appeal. Accordingly, we dismiss this appeal without further action. *See id.* at 622–23; *see also* TEX. R. APP. P. 25.2(d).

This appeal is dismissed.

PER CURIAM

May 6, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.