# NO. 12-08-00327-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DEMETRIO LEZANDRO SELMAN,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant attempts to appeal his conviction for hazing. *See* TEX. EDUC. CODE ANN. § 37.152 (Vernon 2006). However, the trial court's certification states that "the defendant has waived the right to appeal, as part of agreed punishment." *See* TEX. R. APP. P. 25.2(a)(2), (d). The certification is signed by the trial court, Appellant, and his counsel.

A defendant in a noncapital case may waive any rights secured him by law. TEX. CODE CRIM. PROC. ANN. art. 1.14 (Vernon 2005). A defendant who bargains for a sentencing recommendation in exchange for his waiver of the right to appeal will be held to that bargain. ***Blanco v. State***, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000). Even in the absence of a plea bargain agreement, a waiver of the right to appeal that is freely and voluntarily made is binding upon the appellant. ***Monreal v. State***, 99 S.W.3d 615, 622 (Tex. Crim. App.2003). The trial court's permission is required before a defendant may appeal after waiving his right to appeal. ***Blanco***, 18 S.W.3d at 220.

In this case, Appellant and the State reached an agreement on punishment, which was announced in open court and presented as "a new agreed offer." The State's attorney informed the trial court that as part of the agreement, Appellant waived his right to appeal. The court then asked Appellant and his counsel whether the plea agreement presented by the State's attorney correctly

stated their agreement, and both said that it did. The trial court accepted the agreement, sentenced Appellant in accordance with the agreement, and stated that "there will be no appeal. That's waived." He then asked whether there was anything else from either party, to which neither Appellant nor his attorney replied. Nothing in the record indicates that the trial court has granted Appellant permission to appeal. Therefore, we conclude that the record supports the trial court's certification. *See **Greenwell v. Thirteenth Court of Appeals***, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005); ***Dears v. State***, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005). Accordingly, the appeal is ***dismissed*** for want of jurisdiction.

    **JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 8, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)