Opinion issued March
31, 2011




 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00614-CR

———————————

 

RODNEY DARIN VAUGHN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 248th District Court

Harris County,
Texas

Trial Court Cause No. 1261611

 



 

MEMORANDUM  OPINION

          On
May 6, 2010, Rodney Darin Vaughn pleaded guilty pursuant to a plea agreement to
assault of a family member.  The plea
agreement provided that the trial court would defer adjudication of guilt, and
place appellant on two years’ community supervision.  The plea agreement also included appellant’s
waiver of his right to appeal.  See Blanco v. State, 18 S.W.3d 218 (Tex.
Crim. App. 2000).  On May 6, 2010, the
trial court took appellant’s guilty plea, admonished appellant, and issued its
certification of defendant’s right of appeal, but postponed disposition of the
matter.  The disposition hearing was held
July 8, 2010.

On May 24, 2010, appellant wrote in a
letter to the trial court judge asserting his plea was involuntarily given on
the basis of disinformation regarding the consequences of his plea, and stated that
“[a]lthough I admit to signing [the plea agreement,] I feel I should be able to
withdraw from my agreement or be assigned another attorney.” On June 29, 2010, the
trial court granted appellant’s motion to substitute previously appointed
counsel with retained counsel as attorneys of record in the case.  At the disposition hearing on July 8, 2010, appellant’s
new counsel filed Defendant’s Motion to Withdraw Guilty Plea, which the court
denied.  Appellant also filed a defective
notice of appeal at the disposition hearing.

The Texas Court of Criminal Appeals
has held that the voluntariness of a guilty plea may not be raised on appeal
following a plea bargain agreement.  See Cooper v. State, 45 S.W.3d 77, 81,
83 (Tex. Crim. App. 2001).  Rather, the
proper avenue for attacking the voluntariness of a negotiated plea is by
application for writ of habeas corpus.  See id. at 82-83; see Tex. Code Crim. Proc.
Ann. art. 11.072 (Vernon Supp.
2010) (habeas corpus procedure in community supervision case).

The trial court’s certification states that the case is a plea bargain
case, and the defendant has no right of appeal. 
The certification is supported by the record.  Because appellant has no right of appeal, we
must dismiss this appeal “without further action.”  Chavez
v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

          Accordingly, we dismiss the appeal for
lack of jurisdiction.

          We dismiss any pending motions as
moot. 

PER
CURIAM

Panel consists of Chief Justice Radack and Justices Bland and
Brown.