

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-12-00019-CR
_____

KENNETH FARIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 3rd Judicial District Court
Anderson County, Texas
Trial Court No. 29316

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

After an Anderson County[1] jury returned its verdict that Kenneth Faris was guilty of indecency with a child by contact, *see* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011), Faris and the State reached an agreement whereby Faris would waive his right to appeal the jury's finding of guilt in exchange for the State's agreement not to argue for prison time for Faris. As a result, the State recommended community supervision, and the jury assessed a sentence of two years, probated. The trial court sentenced Faris accordingly. Faris now appeals, alleging trial court error in submitting an early *Allen*[2] charge to the jury during the guilt/innocence phase of trial and regarding the State's efforts to gain admission of certain evidence at all phases of trial. Because Faris' waiver of a right to appeal the verdict of guilt is enforceable and no error was preserved regarding the admission of evidence during the punishment phase of trial, we affirm the trial court's judgment.

As a threshold issue, Faris claims that his waiver of the right to appeal was not enforceable, both because the State did not give consideration and because his waiver was not made voluntarily. We disagree.

A criminal defendant in Texas has a statutory right to appeal his or her conviction. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); *see also Ex parte Broadway*, 301 S.W.3d 694,

---

[1] Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2] This supplemental charge sometimes given to jury that declares itself deadlocked is also called a "dynamite" charge. *See Allen v. United States*, 164 U.S. 492 (1896).

697 (Tex. Crim. App. 2009). A defendant may, however, waive this right, if the waiver is executed voluntarily, knowingly, and intelligently. *Broadway*, 301 S.W.3d at 697 (citing TEX. CODE CRIM. PROC. ANN. art. 1.14 (West 2005); *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003)). If some consideration is given by the State in exchange for such a waiver of appeal, that waiver will be upheld. *Broadway*, 301 S.W.3d at 697–98 (consideration in form of State's consent to defendant's waiver of jury trial).

Here, the waiver occurred after Faris had the necessary knowledge of the facts, and the State delivered the promised consideration. In closing argument on punishment, the State declined to ask the jury to sentence Faris to prison time. Instead, the State recommended community supervision of whatever sentence the jury assessed. That is sufficient consideration. *Blanco v. State*, 18 S.W.3d 218 (Tex. Crim. App. 2000).

In *Blanco*, after the jury returned its verdict of guilt, Blanco waived his right to appeal in exchange for the State's agreement to recommend a sentence of sixteen years. The State so recommended, the trial court sentenced Blanco to sixteen years, and the Texas Court of Criminal Appeals found "no valid or compelling reason why appellant should not be held to his bargain." *Id*. at 220. We can find no meaningful distinction between *Blanco* and the case before us. As in *Blanco*, Faris waived his right to appeal following the jury's verdict. The State made the recommendation as agreed. After the jury had returned its verdict of guilt, Faris would have had knowledge of any potentially appealable issues from the guilt phase of trial, yet agreed to waive, appealing any such issues in exchange for the State's community supervision recommendation.

3

A defendant's waiver of the right to appeal his or her conviction will be found to have been made knowingly and intelligently only

> under circumstances in which, and to the extent that, he is aware of what has occurred in the trial proceedings. Only then is he in a position to know the nature of the claims he could have brought on appeal but for his waiver.

*Ex parte Reedy*, 282 S.W.3d 492, 495 (Tex. Crim. App. 2009). When Faris made the agreement with the State to waive his right to appeal, he was in a position to know of any complaints he could lodge on appeal about his trial to that point. Therefore, he knowingly and intelligently made his waiver. There is no reason presented why Faris should not be held to his bargain.

Faris argues that, under the circumstances, the State's bare recommendation of a probated sentence does not constitute consideration.[3] He points to closing argument, where the State told the jury that the range of punishment was "from two to twenty years in prison or probation." Faris takes this statement, plus the State's request that all evidence adduced during the guilt/innocence phase be admitted as punishment evidence, to mean that the State offered no consideration. Faris seems to suggest that, because the State told the jury of the correct range of punishment and also offered evidence for the punishment phase, it sought a prison term and not the probated sentence which was part of the bargain. However, immediately after advising the jury of the range of punishment, the prosecutor also argued to the jury:

> You can recommend anywhere from probation up to twenty years in prison. The State can though make a recommendation. In this case, the State -- due to the

---

[3]The prosecutor's recommendation is not binding on the trial court. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(2) (West Supp. 2012). As Faris elected to have the jury assess punishment, the prosecutor's recommendation was likewise not binding on the jury. *See generally* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 2 (West Supp. 2012).

length of the time that's pasted[4] [sic], and the nature of the events, we would recommend probation.

Faris points out that, before the jury returned and as the waiver and agreement were being described to the trial court, the prosecutor said, "[T]he State [would] do nothing to try and sway that jury." The State would recommend a probated sentence, but the prosecutor acknowledged,

[T]he jury is -- perfectly within the jury's rights to come back and give him time. We're not going to try and do anything to influence the jury towards that. We are going to do everything we can to make a probation argument, but if that jury comes back with a time --

Faris' attorney responded, "And we understand that the jury is not bound by our stipulation of recommendation." Faris himself confirmed to the trial court that he was agreeing to waive his right to appeal the guilty verdict regardless of the jury's punishment recommendation.

As for the State's request that evidence from the first phase of trial be admitted as punishment evidence,[5] we simply note that admitting some evidence was not a breach of the parties' agreement and did not undermine the State's promise to recommend community supervision. The State offered no new evidence at punishment, and rested immediately after stipulating that Faris had no prior felony convictions and offering the guilt/innocence evidence. We disagree with Faris that the State's description of the range of punishment and reoffer of evidence show any lack of agreement or consideration. The State gave up its right to argue to the jury for a prison sentence—consideration for Faris' waiver of his right to appeal the guilty

---

[4]The victim testified the abusive touching occurred when she was about thirteen years old, and she was twenty-five at the time of trial.

[5]There is no requirement that evidence admitted at the guilt/innocence phase must be reoffered before it can be considered at punishment. *Trevino v. State*, 100 S.W.3d 232, 238 (Tex. Crim. App. 2003) (per curiam).

verdict. Because consideration was given in exchange for the waiver, we find the waiver to be enforceable.

Faris also argues that his "waiver of appeal amounts to an involuntary plea." In support of this argument, he cites cases addressing pleas of guilty and ineffective assistance of counsel. Faris did not plead guilty; thus, his citations to *Cooper v. State*, 45 S.W.3d 77 (Tex. Crim. App. 2001), and *Hill v. Lockhart*, 474 U.S. 52 (1985), are inapposite here. Also inapposite is *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), which stands for the proposition that the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), must be satisfied by a defendant who claims counsel was ineffective for failing to file a notice of appeal. Faris has not presented a claim of ineffective assistance of counsel.

The trial judge directly questioned Faris about his agreement to waive the right to appeal. Faris stated he understood the agreement, wished to enter it, had not been forced or coerced, and would not be able to appeal regardless of the punishment assessed by the jury. Faris voluntarily made the waiver. *See Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (per curiam) (proper admonishment of defendant creates prima facie showing plea made knowingly and voluntarily); *Lopez v. State*, 25 S.W.3d 926, 928 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (totality of circumstances considered in evaluating voluntariness of plea; presumption of regularity in judgment and proceedings).

Because Faris knowingly and willingly waived his right to appeal the guilty verdict after consideration was given by the State, the waiver is enforceable. We, therefore, decline to address Faris' substantive complaints regarding the guilt/innocence phase of trial. To the extent

6

Faris complains about the admission of evidence during the punishment phase of trial—his sole complaint regarding the punishment phase—no error has been preserved, since no objection was made to the readmission of guilt-phase evidence.

We affirm the judgment of the trial court.

Josh R. Morriss, III
Chief Justice

Date Submitted:     September 11, 2012
Date Decided:       September 26, 2012

Do Not Publish