**Affirmed and Memorandum Opinion filed October 14, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00692-CR

---

### SAUNDREA ANNETTE JACKSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 1340533**

---

## M E M O R A N D U M   O P I N I O N

Appellant appeals her conviction for aggravated robbery.[1] Appellant's appointed counsel filed a brief in which he concludes the appeal is wholly

---

[1] The record reflects that appellant pleaded guilty without an agreed recommendation as to sentencing. The certification of the right to appeal incorrectly states, "the defendant has waived the right of appeal." Although negotiated waivers of the right to appeal are valid, non-negotiated waivers of the right to appeal are valid only if the defendant waived the right of appeal, knowing with certainty the punishment that would be assessed. *See Monreal v. State*, 99 S.W.3d 615 (Tex. Crim. App. 2003). Because there is no plea bargain in this case, and no

frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807, 811–13 (Tex. Crim. App. 1978).

A copy of counsel's brief was delivered to appellant. Appellant was advised of the right to examine the appellate record and file a pro se response. *See Stafford v. State*, 813 S.W.2d 503, 512 (Tex. Crim. App. 1991). At appellant's request, the record was provided to her. On May 30, 2014, appellant filed a pro se response to counsel's brief.

We have carefully reviewed the record, counsel's brief, and appellant's response, and agree the appeal is wholly frivolous and without merit. Further, we find no reversible error in the record. A discussion of the brief would add nothing to the jurisprudence of the state. We are not to address the merits of each claim raised in an *Anders* brief or a pro se response when we have determined there are no arguable grounds for review. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

Accordingly, the judgment of the trial court is affirmed.


PER CURIAM


Panel consists of Justices Boyce, Jamison, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

evidence of a waiver made after sentencing, any waiver could not have been made knowingly, voluntarily, and intelligently given that the defendant had no way of knowing with certainty the punishment that would be assessed. *See Blanco v. State*, 18 S.W.3d 218, 219 (Tex. Crim. App. 2000). Thus, there is no valid waiver of the right to appeal.