**Opinion issued September 29, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00262-CR

————————————

**MARCUS LEE BENITEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1413994**

---

## MEMORANDUM OPINION

Appellant, Marcus Lee Benitez, was convicted by a jury of the first-degree

felony offense of aggravated robbery—over 65 years old or disabled, on March 2,

2015, and faced a minimum of five years and a maximum of ninety-nine years'

confinement. *See* TEX. PENAL CODE ANN. §§ 12.32(a), 29.03(a)(3), (b) (West

Supp. 2014).  After the verdict, appellant reached an agreement with the State as to punishment and withdrew his election that the jury assess his punishment.  In exchange for appellant's waiving his right of appeal and pleading true to an enhancement in the indictment, the State agreed to recommend that appellant be punished at thirty-five years' confinement and to dismiss a separate pending felony charge against him.

On March 2, 2015, after admonishing appellant that his conviction would be final and there would be no appeal, because he was waiving his right of appeal, the trial court assessed appellant's punishment at thirty-five years' confinement, and the State confirmed that the separate felony charge was being dismissed, in accordance with the terms of appellant's punishment agreement with the State. The trial court then certified that appellant had waived the right of appeal. Nevertheless, appellant timely filed a *pro se* notice of appeal, acknowledging that his punishment did not exceed the punishment recommended by the State and agreed to by appellant.  However, appellant contended that his waiver agreement did not preclude appealing any rulings on his pretrial motions, including a motion to suppress and several *pro se* motions, including one seeking hybrid representation.  The trial court appointed appellate counsel for appellant, who has filed an appellate brief challenging the trial court's denial of his motion to suppress.

The State has filed a motion to dismiss the appeal for want of jurisdiction, contending that appellant's waiver of appeal precludes his appeal. Although the motion does not indicate whether appellant opposes the motion, it was served on his counsel and more than ten days have passed with no response filed. *See* TEX. R. APP. P. 10.3(a)(2). We agree with the State, grant the motion, and dismiss the appeal.

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The trial court's certification, which is included in the record on appeal, states that appellant has waived the right of appeal. *See* TEX. R. APP. P. 25.2(a).

The reporter's record of the punishment hearing reflects the waiver of appellant's right of appeal as both his counsel and appellant acknowledged that his conviction would be final that day because there would be no appeal. The trial court then explicitly admonished appellant to make sure he understood that he was waiving his right of appeal, and appellant replied in the affirmative. Then, in accordance with the terms of appellant's punishment agreement with the State, the trial court assessed his punishment at thirty-five years' confinement and the State confirmed that the separate felony charge was being dismissed.

A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). When a defendant waives his right of appeal in exchange for consideration from the State, his waiver is made knowingly, intelligently, and voluntarily, and he may not appeal any matters unless the trial court first grants permission. *See Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009) (holding defendant may knowingly and intelligently waive appeal without sentencing agreement when consideration is given by State for waiver); *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000).

This was not a plea-bargain case in which a defendant pleaded guilty *before* trial and, if the punishment did not exceed the agreed-upon recommendation, the trial court's certification would state that this was a plea-bargain case and whether the trial court granted a limited right of appeal for pretrial motions or permission for a general right of appeal. *See Ex parte Broadway*, 301 S.W.3d at 699 (Womack, J., concurring) (noting Texas Rule of Appellate Procedure "25.2's restriction on appeal did not apply" in that case because it was not plea-bargain case). Instead, the punishment hearing record shows that appellant knowingly, intelligently, and voluntarily waived his right of appeal *after* trial in exchange for the State's recommendation on the punishment range and the State gave additional consideration for the waiver by agreeing to dismiss a pending felony charge. *See*

4

*id.* at 697–99.  Appellant validly waived his right of appeal after trial knowing with certainty that his punishment would be assessed at confinement for thirty-five years.  *See Blanco*, 18 S.W.3d at 219 (holding waiver of right to appeal is valid if appellant knows with certainty punishment that will be assessed).  Appellant's valid waiver of appeal covers all matters unless the trial court explicitly gave him permission to appeal.  *See Monreal*, 99 S.W.3d at 622.  The record supports the trial court's certification that it did not give its permission to appeal on any matters because this was not a plea-bargain case.  *See Dears*, 154 S.W.3d at 615.

To the extent appellant's *pro se* notice of appeal contends that his waiver did not preclude him from appealing any rulings on his pretrial motions, no written rulings on his motions were made.  Appellant is not entitled to hybrid representation, and the trial court was under no duty to take action on any of his *pro se* motions.  *See Ex parte Bohannon*, 350 S.W.3d 116, 116 n.1 (Tex. Crim. App. 2011); *Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004).

Thus, because appellant has validly waived his right of appeal, we must dismiss this appeal without any further action.  *See Menefee v. State*, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009); *see also Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a), must dismiss a prohibited appeal without further action, regardless of the basis for

the appeal."); *Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005) (explaining purpose of certification requirements is to resolve cases that have no right of appeal quickly without expense of appointing appellate counsel, preparing reporter's record or preparing appellate brief).

## CONCLUSION

Accordingly, we **grant** the State's motion and **dismiss** this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any other pending motions as moot.

## PER CURIAM

Panel consists of Justices Keyes, Massengale, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).