**DISMISSED and Opinion Filed June 10, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00313-CR

**JOHNNIE OTIS DAVIS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F18-47214-I**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Schenck

Johnnie Otis Davis appeals the trial court's order deferring adjudication of his guilt for the offense of theft of property valued at $2500 or less with two previous theft convictions. By letter dated April 16, 2019, the Court questioned its jurisdiction over this appeal on the ground the certification of the right to appeal states this is a plea-bargain case and appellant has no right to appeal. The Court solicited letter briefs from the parties regarding the jurisdictional issue and both parties responded. Concluding the Court does not have jurisdiction, we dismiss the appeal.

The record reflects appellant and the State entered into a plea bargain agreement under which appellant agreed to enter a plea of guilty and waive his right to appeal in exchange for being placed on deferred adjudication for five years. On the plea agreement form, an "X" marks a box indicating appellant would be required to "participate in and successfully complete" drug treatment

in either the SAFP program or else the CCJTC program at Wilmer. After a short plea hearing, the trial court informed appellant that it would be placing him on deferred adjudication for five years, that he would be receiving some conditions of probation, and that a hold would be placed on him for an SAFP program. The trial court then asked appellant, "That is the agreement, correct?" Appellant responded, "Yes, ma'am."

In his letter brief, appellant concedes he entered into an agreement to accept deferred adjudication in exchange for his guilty plea. Appellant contends, however, that there was a dispute over whether he would be required to attend SAFP drug treatment and that he desires to appeal this condition of his probation. Nothing in the record shows appellant disputed the requirement that he attend SAFP drug treatment. To the contrary, the record shows the box for attending drug treatment was clearly marked with an "X" on the plea agreement form and appellant affirmed to the trial court that his agreement with the State included his attendance at an SAFP facility. The record does not show appellant asked the trial court for permission to appeal the SAFP condition.

Rule 25.2(a)(2) provides that in a plea-bargained case in which the trial court assesses punishment that does not exceed the punishment to which the defendant agreed, the defendant may appeal only those matters raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record does not show appellant filed any pretrial motions. As the trial court's certification attests, appellant has not received the trial court's permission to appeal.

Moreover, when a defendant waives the right to appeal in exchange for valuable consideration from the State, the waiver is enforceable provided it is made voluntarily, knowingly, and intelligently. *See Jones v. State*, 488 S.W.3d 801, 807–08 (Tex. Crim. App. 2016); *Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009). In this case, appellant expressly waived his right to appeal in exchange for being placed on deferred adjudication. We conclude

–2–

appellant's waiver of the right to appeal is enforceable. *See Jones*, 488 S.W.3d at 807–08; *Broadway*, 301 S.W.3d at 699; *Blanco v. State*, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000).

An appeal must be dismissed if a certification showing that the defendant has the right to appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). In this case, the record supports the trial court's certification stating the appeal is a plea-bargained case and appellant has no right to appeal. The record also shows appellant waived his right to appeal in exchange for valuable consideration from the State. Because appellant has no right to appeal, we must dismiss the appeal without further action. *See* TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

We dismiss the appeal for want of jurisdiction.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2(b)
190313F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHNNIE OTIS DAVIS, Appellant

No. 05-19-00313-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F18-47214-I.
Opinion delivered by Justice Schenck.
Justices Osborne and Reichek participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered this 10th day of June, 2019.