**DISMISS and Opinion Filed February 8, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00046-CR**
**No. 05-21-00084-CR**

**HAXAN WALDELL PALMER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F18-58281-T & F18-58280-T**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Nowell
Opinion by Justice Reichek

On December 10, 2020, Haxan Waldell Palmer filed a pro se notice of appeal with the Dallas County District Clerk for both of the above appeals. In the notice, he stated he was appealing his October 4, 2019 convictions. On January 21, 2021, he filed a "Notice of Appeal Bond Hearing" in appellate cause number 05-21-00046-CR, asking for an appeal bond.

A defendant perfects his appeal by timely filing a written notice of appeal with the trial court clerk. *See* TEX. R. APP. P. 25.2(b), (c). To be timely, the notice of appeal must be filed within thirty days after the date sentence was imposed or within

ninety days after sentencing if the defendant timely filed a motion for new trial. *See* TEX. R. APP. P. 26.2(a). In the absence of a timely perfected notice of appeal, the Court must dismiss the appeal. *Ex parte Castillo*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam).

In these cases, the trial court entered judgment on October 4, 2019. Although appellant filed motions for new trial, they were untimely; therefore, his notice of appeal was due on November 4, 2019. *See* TEX. R. APP. P. 4.1(a), 26.2(a)(1). Because it was filed on December 10, 2020, after the time provided by the rules of appellate procedure, his appeals are untimely, and we lack jurisdiction over these cases.

We also note that after appellant, who was represented by counsel, was found guilty by a jury, he entered into negotiated plea bargains with the State regarding punishment. Under the plea agreements, appellant agreed to waive his right to appeal in exchange for the State's agreement to recommend punishment of seven years in prison in each case. *See Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000). The trial court followed the punishment plea agreement, assessed punishment at seven years in prison in each case, and prepared and signed rule 25.2(d) certifications of appellant's right to appeal stating "the defendant has waived his right of appeal." *See* TEX. R. APP. P. 25.2(d).

Under these circumstances, we have no alternative other than to dismiss the appeals for lack of jurisdiction. We deny any outstanding motions.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
210046F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

HAXAN WALDELL PALMER, Appellant

No. 05-21-00046-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F18-58281-T. Opinion delivered by Justice Reichek. Justices Molberg and Nowell participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.

Judgment entered February 8, 2021



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

HAXAN WALDELL PALMER,
Appellant

No. 05-21-00084-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F18-58280-T.
Opinion delivered by Justice
Reichek. Justices Molberg and
Nowell participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal.


Judgment entered February 8, 2021