**Dismissed and Memorandum Opinion filed August 31, 2023**



**In The**

# Fourteenth Court of Appeals

## NO. 14-23-00321-CR

**JAVIER LOPEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 16-DCR-075126**

## MEMORANDUM OPINION

On April 18, 2023, a jury found appellant guilty of continuous sexual abuse of a child. On April 19, 2023, after the trial on guilt or innocence, appellant and the State entered into an agreement that appellant's punishment would be assessed at 30 years' confinement in of the Texas Department of Criminal Justice–Institutional Division in exchange for appellant's waiver of his right to appeal the guilt/innocence and punishment stages of trial. The trial court accepted the punishment agreement and assessed punishment at 30 years' confinement in of the

Texas Department of Criminal Justice–Institutional Division. On the same date, appellant signed the trial court's certification of his right to appeal, which stated "the Defendant has waived ALL right of appeal as to both the guilt/innocence and punishment portions of his trial." *See* Tex. R. App. P. 25.2(a)(2).

The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Appellant's waiver reflects that he entered into an agreement with the State after a jury found him guilty. Appellant waived the right of appeal knowing with certainty the punishment that would be assessed. *See Blanco v. State*, 18 S.W.3d 218, 219 (Tex. Crim. App. 2000) (holding waiver of right to appeal is valid if appellant knows with certainty the punishment that will be assessed).

On July 26, 2023, this court notified appellant that we lacked jurisdiction over the appeal and that it was subject to dismissal without further notice unless appellant demonstrated, within 21 days, that the court has jurisdiction. Appellant did not file a response.

Accordingly, we dismiss the appeal.


PER CURIAM


Panel consists of Chief Justice Christopher and Justices Bourliot and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b)